JOHN C. SCALES *et al.*

*v.*

ALBERT C. LABAR *et al.*

1. SETTING ASIDE DEFAULTS—*how far discretionary.* The matter of setting aside defaults is regarded as largely discretionary with the circuit court, and the appellate court will not interfere, unless it is plainly apparent that such discretion has been wrongfully and oppressively exercised.

2. So, where it is the rule of the circuit court, that copies of affidavits offered in support of a motion to set aside a default shall be served upon the opposing counsel, which is neglected to be done, and the court refuses to entertain the motion, this is not such error as can be availed of in this court.

3. MOTION TO SET ASIDE DEFAULT—*when it must be made.* A motion to set aside a default comes too late when made at a term subsequent to that at which the default is entered.

WRIT OF ERROR to the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. ARTHUR W. WINDETT, for the plaintiffs in error.

Mr. R. S. GREENE, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

It is the rule of this court to regard the matter of setting aside defaults as largely discretionary with the circuit court, and to interfere only in cases where it is plain that such discretion has been wrongfully and oppressively exercised. We can not say the present is a case of that character. The plaintiffs in error claim they had filed a plea before the default was taken. The record, however, is silent upon that point, and the affidavits filed to establish that fact are so loosely drawn that only by a wide latitude of construction can they be regarded as stating that a plea had been filed in the case at bar. We can not say the court erred in refusing to set aside the default, upon these affidavits, the more especially as it gave the appellant leave to renew his motion upon new affidavits. The motion was then renewed upon new affidavits, and again overruled by the court, on the ground that copies of the new affidavits had not been served on the opposing counsel, as required by a standing rule of the court. No further motion was made until the next term, when, as held in *Cook* v. *Wood,* 24 Ill. 295, and *Smith* v. *Wilson,* 26 ib. 186, it was too late. The plaintiff in error has no right to complain of these proceedings. His first affidavit was very loose and

uncertain, and the court granted all he could demand in giving him leave to renew his motion upon fresh affidavits, and in renewing his motion, it was his duty to comply with the standing rules of the court.

The judgment of the court below must be affirmed.

*Judgment affirmed.*