**Lucille Younkins, Appellant, v. Galloway Younkins, a/k/a George Younkins, Appellee.**

**Gen. No. 53,978.**

First District, First Division.

March 16, 1970.

Robert L. Tucker, of Chicago, for appellant.

Aaron H. Payne, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is an appeal from an order entered in the Circuit Court denying the verified petition of the plaintiff, Lucille Younkins, to vacate and set aside a default divorce decree.

We will briefly outline the course of the litigation leading up to this issue. The plaintiff, Lucille Younkins, filed a complaint for divorce on February 27, 1967, on the grounds of cruelty. After a trial held on July 7, 1967, she was denied a divorce and her complaint was dismissed.

On July 26, 1967, the Illinois Divorce Act, Ill Rev Stats, c 40, § 1, was amended to add mental cruelty as a new ground for divorce in Illinois. On August 7, 1967, Lucille Younkins filed a second complaint for divorce, alleging mental cruelty in Count I and alleging an interest in certain properties in Count II. The defendant, George Younkins, filed his answer on August 17, 1967, denying

the allegations made by plaintiff. On that date he also filed a countercomplaint for divorce on the ground of mental cruelty.

An order was entered by Judge Hunter on September 14, 1967. It recites that on motion of the plaintiff and the court being fully advised the countercomplaint for divorce filed by George Younkins "is taken as confessed by Lucille Younkins" and the matter was set down to be heard on October 2, 1967, as a default hearing. The order further stated that the issue of the right to a jury trial concerning the property rights was continued to a date certain with briefs to be submitted. This order appears to have been presented to the court by Sussman and Hertzberg, attorneys for the plaintiff.

On October 2, 1967, attorney Harvey Sussman, on behalf of the plaintiff, and attorney Aaron Payne, on behalf of the defendant and countercomplainant, appeared before Judge Hunter. Mr. Sussman explained to the court that although plaintiff had stipulated to be defaulted in the divorce action, the question of property rights was to be determined at a later date. Evidence was taken that day in the divorce action. A decree for divorce was signed by Judge Hunter. At the bottom of the order before Judge Hunter's signature appears the date of October 6, 1967, and the notation "enter." On the front page of the decree is the stamp of Joseph McDonough, Clerk of the Circuit Court, under the word "entered" which was dated October 9, 1967, and initialed by the deputy clerk.

Plaintiff Lucille Younkins, on November 8, 1967, filed a verified petition to vacate the default divorce decree. It was alleged therein that plaintiff at no time had knowledge of the entry of a divorce decree and that at no time did she authorize, consent to or approve any disposition on the issues except by trial by jury. She further alleged that the decree for divorce was predicated solely upon the testimony of the countercomplainant and

418

was corroborated only in part by his son's testimony. She argued that the decree is, therefore, fatally defective, null and void, because it was not predicated upon the testimony of two corroborating witnesses as required by statute. Plaintiff averred that the adjudication of her property rights must, by their very nature, be determined against the background of the parties' separate causes of action for divorce. Plaintiff alleged that she could prove each and every allegation of her complaint and that she had a meritorious defense to the countercomplaint. She, therefore, prayed that the decree for divorce entered on October 9, 1967, be set aside and the cause be set for trial by jury.

Also on November 8, 1967, the defendant and countercomplainant filed his answer to the petition generally denying its allegations. The answer averred that the petition to vacate was filed over thirty days after the entry of the decree and showed a lack of diligence. It was also alleged that the plaintiff was either present or represented by counsel of her choice in all the numerous proceedings before the court and that the petitioner moved to dismiss her complaint and have the matter heard upon the countercomplaint. The matter was set for a hearing on December 4, 1967, and leave was granted to Robert L. Tucker to file his appearance for Lucille Younkins in substitution for Sussman and Hertzberg.

On December 5, 1967, after hearing arguments of counsel, the court denied the petition to vacate the decree for divorce. On December 11, 1967, plaintiff filed a motion to vacate the order of December 5th. She alleged that she appeared in court on December 4th with counsel and accompanied by Harvey S. Sussman. Both of them were prepared to give testimony. The court refused to conduct a hearing for the purpose of taking the testimony of plaintiff and Mr. Sussman. In the motion it was alleged that counsel for plaintiff informed the court that if Mr. Sussman were called as a

419

witness, he would testify that he agreed to the entry of a default order against his client on the basis of his own judgment without consulting plaintiff and without her knowledge, authority or consent. Plaintiff also alleged that she was prepared on December 4th to give testimony in support of her petition and to show diligence in moving to vacate the decree. Plaintiff contended that the refusal by the court to take any testimony was arbitrary and denied her due process and equal protection of the law.

Attached to the petition was the affidavit of Mr. Sussman. In it he stated that without consultation with his client, in the exercise of his own judgment, he determined to enter into an agreement for the entry of a default order against his client and stipulated to an uncontested hearing on the countercomplaint in an honest belief that it was in the best interest of his client. He further alleged that he never informed plaintiff of the scheduled hearing for October 2nd and that she was not informed of the agreement for a default order against her prior to its entry. Mr. Sussman stated that when he informed Mrs. Younkins, after the decree was entered, that the divorce issue had been concluded as described, she objected to having been denied a trial by jury and demanded that he withdraw as her counsel. He further stated that he did appear in court on December 4th, as a witness, and would have testified to the matters set forth in his affidavit. The defendant filed his answer to the motion. On January 5, 1968, the judge entered an order denying the motion to vacate the order of December 5th and the motion to vacate the decree for divorce entered on October 6, 1967.

■■ An attorney has the authority to bind his client in the "conduct and management of the litigation." Bergman v. Rhodes, 334 Ill 137, 165 NE 598. However, unless expressly authorized by his client to do so, an attorney has no power to consent to a judgment by con-

fession. People ex rel. Wright v. Lamborn, 1 Scam (2 Ill) 123; Wadhams v. Gay, 73 Ill 415; Parker v. Board of Trustees of Southern Illinois University, 74 Ill App 2d 467, 220 NE2d 258. This is particularly true in a divorce action where the state has an interest in the marriage relationship. It is common practice in the divorce courts that stipulations to hear contested divorce actions as default hearings are signed by the parties and not by their attorneys.

■■ It has been held that an attorney's consent to a judgment against his client, without authority from his client to so consent, is a sufficient ground for setting aside the judgment and granting a new trial. Fessler v. Weiss, 348 Ill App 21, 107 NE2d 795. We believe that should have been done in this case. The court's power to vacate a default divorce decree should be exercised in a case such as this where the circumstances demonstrate such action to be necessary to prevent injustice. If the court had known the actual facts it would not have entered the default order against the plaintiff. We have examined the cases cited by defendant and in our opinion they are clearly distinguishable from the case at bar.

■ There is a dispute between the parties as to whether the decree for divorce became official when signed by the Judge on Friday, October 6, 1967, or when filed and recorded in the clerk's office on Monday, October 9, 1967. In either event, whether we treat the petition to vacate as being filed within term time or as a section 72 petition, our conclusion is that the default divorce decree should have been vacated.

Accordingly, the decree for divorce entered by default in favor of the defendant is vacated and the cause is to be returned to the contested trial calendar.

Vacated and remanded.

MURPHY and ADESKO, JJ., concur.