DORIS L. MORNING, Plaintiff-Appellee, *v.* EDSEL N. MORNING, Defendant-Appellant.

(No. 72-90;

Fifth District—January 12, 1973.

Russell H. Classen and August J. Keller, both of Belleville, for appellant.

Winters and Morgan, of Marion, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Defendant appeals from an order of the trial court denying his motion filed under sec. 50(5) of the Civil Practice Act (Ill. Rev. Stat., ch. 110, sec. 50(5)), to set aside a decree granting his wife a divorce and other relief.

Prior to November 3, 1971 the parties were living together as husband and wife in a home owned by them in joint tenancy and located in St. Clair County, Illinois. On or about that date the plaintiff-wife left the marital home and took up residence in Williamson County, Illinois. She filed a complaint for divorce against defendant in the circuit court of Williamson County on November 10, 1971. Defendant was personally served with summons at his place of employment in Washington County, Illinois, on November 11, 1971. The defendant did not file an answer to the complaint or otherwise appear in the proceeding until the filing of the instant motion to vacate the decree. A hearing on the complaint was

held as a default matter on December 22, 1971 and a decree for divorce was entered on December 27, 1971. By the terms of the decree the plaintiff was granted a divorce, permanent alimony of $100 per month, custody of the child of the parties, then 16 years of age, and $100 per month for care and maintenance of the child, $550 for her attorney fees and costs and the household furniture and fixtures from the home in St. Clair County. An automobile was awarded to the plaintiff and a pickup truck to the defendant. The decree also provided that the residence should be sold in a manner prescribed, the expenses of sale and mortgage indebtedness paid and the net proceeds of the sale then divided between the parties equally.

On January 21, 1972 the defendant filed a "Motion to Set Aside Judgment" on the grounds that (1) the plaintiff was not a resident of Williamson County on the date of filing the complaint for divorce or the date of the decree, (2) the decree was fraudulently entered because plaintiff had stated and promised that she would put off the divorce for awhile, "until after the holidays anyhow" and defendant could and had a right to rely upon her statement that she would not procure a divorce until after the holidays, and (3) the decree is inequitable as to a division of the property. In support of the second allegation of the motion the defendant attached as an exhibit to his motion an excerpt from a letter allegedly written by the plaintiff containing the statement regarding the delay in the divorce. Following a hearing at which both of the parties testified the trial court denied the motion to vacate the decree. Defendant in this appeal raises the same contentions as those he advanced in the trial court. We affirm.

In his testimony at the hearing on the motion to vacate the decree the defendant admitted that he had been personally served with the summons issued in this case and that a copy of plaintiff's complaint was attached to the summons. He took the summons and complaint to consult with an attorney in Williamson County. Upon being advised that there would be a retainer fee of $300 the defendant did not engage the attorney to represent him. At a subsequent date, but prior to the entry of the decree, the attorney wrote a letter to the defendant reminding him of the pendency of the case but defendant still did not retain that attorney or any other attorney to represent him in the case. The record indicates that the defendant was fully aware of the implications that could flow from the complaint. He sought counsel and discussed the matter but chose not to retain him in order to make an appearance and dispute plaintiff's action in court.

■■ At the same hearing the defendant produced a writing which he contended was an excerpt from a letter the plaintiff had written to him.

It was the same excerpt attached to his motion as Exhibit A and contained the language (insofar as pertinent), "I talked to his Sec. on the phone and she said she thought it was set for next week, but I'm going to have it put off for awhile, can't say how long, but until after the holidays anyhow * * *." There is no date on the exhibit. The court refused to permit defendant to testify regarding the excerpt, apparently because neither the defendant nor his attorney had the entire letter in court and plaintiff's attorney was contending that the excerpt was out of context. Plaintiff was called to testify as an adverse witness and the court refused to permit the plaintiff to be cross-examined regarding the writing of the letter or to state whether the writing was her handwriting. The propriety of that ruling is not placed in issue by the defendant in this appeal. Thus, defendant is in the position of having alleged that the plaintiff promised she would put off getting a divorce until "after the holidays" but he has wholly failed to prove this averment or to attack on appeal the propriety of the court's ruling in refusing such proof. Accordingly we need not consider it. However, we would parenthetically note that the segment is undated and unsigned and according to defendant's testimony it was received just a few days prior to the divorce decree and at a time after that in which he was required to file his answer or other appearance to plaintiff's complaint. Although the defendant argues that he placed reliance on plaintiff's letter in which she indicated she would put off the divorce until after the holidays the record indicates otherwise. The letter does not constitute an agreement entered into between the parties regarding a continuance or postponement of the divorce. Nor does it appear in any manner to be an inducement by the plaintiff to the defendant to forestall an answer to her complaint in order that plaintiff would have the advantage of him in the court proceeding.

■■ We have reviewed the record concerning defendant's argument that the plaintiff was not a resident of Williamson County at the time the complaint for divorce was filed and find the argument to be without merit. The plaintiff admittedly was a resident of the State of Illinois for more than one year prior to the filing of the complaint. It also appears from her testimony that she had left the marital home and with an appropriate intention moved her place of residence to Williamson County where her complaint for divorce was filed approximately one week after her arrival. At the time of the hearing on defendant's motion she had rented an apartment and obtained employment in Williamson County.

■■ Defendant also complains of inequity in the property settlement that required the decree to be set aside. With this, too, we are in disagreement. The parties had been married for approximately 18 years at the time of the divorce. The defendant was employed and earning approxi-

mately $15,000 a year. The parties had an equity of approximately $13,000 in their residence in St. Clair County, Illinois. By the terms of the decree the wife was awarded alimony of $100 per month and child support in the amount of $100 per month. Since the child was 16 years old at the time of the divorce she will soon be emancipated and defendant's liability for the child support payments will then terminate. Defendant is to receive one-half of the net proceeds from the sale of the house and plaintiff and defendant each received one of the parties' two motor vehicles.

■■ The propriety of the court's decision in denying defendant's motion to vacate the decree is governed by the Civil Practice Act, sec. 50(5) which provides, "The court may in its discretion, before final order, judgment or decree, set aside any default and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." With respect to relief sought in accord with the provisions of the foregoing statute the principal concern of the court is to see that right and justice is done. (*Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill.App. 2d 102, 167 N.E.2d 799.) Granting relief is within the discretion of the court and although its discretion ought to be liberally exercised nevertheless relief may be denied where substantial justice does not so require. As indicated in *Mieszkoski v. Norville*, 61 Ill.App.2d 289, 209 N.E.2d 358, a reasonable excuse or due diligence as well as the absence of prejudice to plaintiff ought to be shown to justify the relief sought. Also see *Meister Bros. Inc. v. Sigler*, 2 Ill.App.3d 853, 275 N.E.2d 903.

■■ Early in the common law of Illinois, it was established that the setting aside of a default judgment within term time (30 days) is generally a discretionary matter for the trial court; however, the exercise of that discretion is subject to review. (*Scales v. Labar* (1869), 51 Ill. 232.) During this same period, it was further established that trial courts should be liberal in setting aside default orders within term time when it appears that justice will be promoted. (*Mason v. McNamara* (1870), 57 Ill. 274, 277.) Prior to 1933, it was necessary that a meritorious defense and good excuse be shown. Today these are not necessary but are factors, as is hardship suffered by the plaintiff, which the court may take into account in resolving the more basic determination of dispensing justice between the parties. *Widicus v. Southwestern Electric Cooperative, Inc., supra.*

■■ The reviewing court need not determine, as a matter of law, that the trial court abused its discretion, but only resolve the question of whether justice has been served. (*Trojan v. Marquette Nat. Bank* (1967), 88 Ill.App.2d 428, 438.) "What is just and proper must be determined

by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome." *Widicus v. Southwestern Electric Cooperative, Inc., supra.*

██ Under the facts of this case we are of the opinion that the trial court did not abuse its discretion in refusing to vacate the decree of divorce and that defendant is clearly guilty of unexcusable delay in retaining counsel and entering the case. Furthermore, we do not perceive that, despite his delay and failure to appeal, the decree rendered by the trial court works an injustice upon the defendant.

For the foregoing reasons the judgment of the trial court will be affirmed.

Affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.