GORDON REYNOLDS, Plaintiff-Appellee, *v.* PAMELA REYNOLDS, Defendant-Appellant.

(No. 72-241;

Fifth District—April 25, 1973.

G. MORAN, J., dissenting in part.

Thomas J. Logue, of Glenn & Logue, of Mattoon, for appellant.

Robert Lee Broverman, of Shelbyville, for appellee.

Mr. JUSTICE CREBS delivered the opinion of the court:

Plaintiff obtained a default divorce in the Circuit Court of Shelby County on April 11, 1972.

On April 12, 1972 defendant filed a petition to vacate judgment with leave to plead. On April 18, 1972 defendant filed an Amended Motion to Set Aside the Decree for Divorce and supporting affidavit. Plaintiff filed an answer and a counter-affidavit denying the allegations in defendant's affidavit.

On the basis of the pleadings and the affidavits, the trial court denied the motion to set aside the decree for divorce. This appeal is from the denial of the motion.

Since the affidavit of defendant alleged some specific facts which, if true, would require setting aside of the decree, it was error to deny the motion without a hearing.

The cause is remanded for the trial court to conduct a hearing to determine whether or not the material allegations set forth in defendant's affidavit are true. Since this case involves the welfare of minor children, at such hearing any reasonable doubt should be resolved in favor of a hearing on the merits.

Reversed and remanded.

EBERSPACHER, P., J., concurs.

Mr. JUSTICE GEORGE J. MORAN dissenting in part:

I believe that this case should be reversed and remanded for a hearing on the merits rather than for a hearing to determine whether or not the material allegations set forth in defendant's affidavits are true.

It is undisputed that the default divorce decree in this case was taken against the defendant on April 11, 1972, and that she filed a petition to vacate it the next day. Her petition and affidavit stated many reasons why the default should be set aside, including the statement that she talked with the plaintiff on April 10, 1972, and he told her that he could not be in court at the hearing which was set for April 12, 1972, because he had to return to Georgia on that date.

In his counteraffidavit, the plaintiff admitted that he talked to the defendant at about 6:30 P.M. on April 10, 1972 "to advise her that he

could not be in court for the hearing set for April 12, 1972 because he had to return to Georgia. The undersigned states that the only conversation was with regard to the matter of the non-support petition pending. No discussion was had about the divorce case that was pending." It is undisputed, then, that plaintiff did talk to his wife on the day before the divorce was taken and did advise her that he could not be in court for the hearing set for April 12, 1972. It is also undisputed that he never told his wife at this time of his intention to take a default divorce on the next day. In my opinion, this would establish constructive fraud on plaintiff's part without question.

The decree gave plaintiff complete custody of two minor children of the parties and found that another child born to the defendant on the 26th day of October, 1971, was born out of wedlock. The trial court did vacate this latter finding after the defendant filed her motion to vacate.

*Nye v. Nye,* 411 Ill. 408, 105 N.E.2d 300, held that the determinative factor in awarding custody of a minor child is the best interest of the child. "The guiding star is and must be, at all times, the best interest of the child." The court went on to say that it is usual in cases when a child is of tender age to entrust the care and custody in the mother.

Here there was no adversary proceeding to determine whether it was for the best interest of the children to be with their father or their mother. The courts have always held that the state has an interest in the marriage relationship and this is particularly true when the interests of children are involved.

In *McLeod v. McLeod,* 133 Ill.App.2d 111, 272 N.E.2d 834, the court said:

> "The rights of these parties are readily determined by applicable authority. The verified petition to vacate the decree of divorce was filed ten days after the entry of the decree. This in itself is evidence of diligence. The petition set forth a meritorious defense. However, since the motion was made within thirty days after the entry of the decree, the court had full power to vacate the default merely on a showing of 'good cause'. I.R.S. ch. 110, sec. 50(5). [Citations.] It was an abuse of discretion for the trial court to deny the motion to vacate the default decree. *It is basic justice that every litigant is entitled to his day in court. The decree should be reversed and the cause remanded for further proceedings."*
> (Emphasis added.)

See also *Younkins v. Younkins,* 121 Ill.App.2d 416, 257 N.E.2d 521.

In *Widicus v. Southwestern Elec. Cooperative,* 26 Ill.App.2d 102, the court said at 107 and 109:

> "* * * History will reveal that the court of Illinois have been

liberal in setting aside defaults entered at the same term, and that where there has been no trial on the merits, the courts' discretion is usually exercised in favor of granting the motion

\* \* \*

The entering of a default is one of the most drastic actions a court may take to punish for disobedience to its commands. The court has other powers which are ample in most instances. In our judgment, a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits."

This case was quoted with approval in *People ex rel. Reid v. Adkins,* 48 Ill.2d 402.

In a divorce proceeding the courts are keenly concerned in an informed judgment as to the custody of children. This is impossible without an adversary proceeding. Therefore, the defendant and her children should have their day in court.

I would reverse and remand for a hearing on the merits.