RICHARD BECKER *et al.,* Plaintiffs-Appellees, *v.* SINCERO PESCAGLIA, Defendant-Appellant.

(No. 74-16;

Third District—December 4, 1974.

James Kellstedt, of Peoria, for appellant.

James R. Brodie, of Pekin, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an action by a number of plaintiffs for an injunction and for money damages caused by overflow of water on their property allegedly caused by the defendant. The complaint has 25 counts and prays for $123,000 damages. Return day was October 1, 1973. Plaintiffs, *the next day,* on October 2, 1973, secured an order whereby the defendant was judged to be in default, and the complaint was ordered to be taken as confessed against him. The Circuit Court of Tazewell County, on October 29, refused to set aside the default orders and on November 6 refused to reconsider.

Affidavits show that after being served with summons on August 31, 1973, defendant took the summons to the law office of his attorney and left it with a secretary sometime between September 18 and 21. The summons did reach the attorney's attention. He asked a secretary to make a new file and return it to him. The secretary inadvertently failed to calendar the return day. Usual procedural matters of office administration failed. The attorney was out of the state from September 26 until

October 23, 1973. He was informed of the order of default on October 23, and immediately prepared and filed a verified motion to vacate the default order. The defendant submitted an affidavit of meritorious defense and a proposed answer.

The plaintiffs in the instant case filed no counteraffidavits, and accordingly the statements of fact in defendant's affidavits must be taken as true. (*Lane v. Bohlig*, 349 Ill.App. 487.) In view of the allegations of fact appearing in the affidavits, we think that the factor of existence of a meritorious defense has been fully shown by the defendant, and we have before noted that the application was promptly made. The uncontroverted facts show reasonable diligence by defendant and inadvertence on the part of his attorney.

The facts show that the failure to plead or answer was a clerical error, an excusable mistake. (*Goebel v. Benefit Trust Life Insurance Co.*, 88 Ill.App.2d 19.) Only a few days after counsel discovered the existence of the default he took steps to have it vacated. In our opinion this was sufficient to show due diligence on the part of defendant and his attorney. (*Goebel, supra.*) A setting aside of the default will not prejudice plaintiffs but will merely assure both sides a day in court for the fair determination of the merits of the case. *Vosnos v. Wenzel*, 44 Ill.App.2d 192.

The motion herein was made under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. ch. 110, par. 50(5)) which provides: "The court may in its discretion before final order, judgment or decree, set aside any default * * *."

■■ It should be noted that the provisions of section 50(5) do not specifically require that a defaulted defendant show that he has a meritorious defense to plaintiff's claim or that the neglect resulting in the default be excusable. Earlier cases assumed such requirements. Later cases only require that a just result be achieved and where it is reasonable, under the circumstances, to compel the other party to go to trial on the merits. (*People ex rel. Reid v. Adkins*, 48 Ill.2d 402, 406.) The existence of a meritorious defense or excusable neglect is made secondary to the aim of assuring the defaulted party his day in court. Today these are not necessary requirements but are factors, as is hardship suffered by the plaintiff, which the court may take into account. (*Morning v. Morning*, 9 Ill.App.3d 555; *Busser v. Noble*, 8 Ill.App.2d 268; *Dalton v. Alexander*, 10 Ill.App.2d 273; *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill.App.2d 102, where defendant's attorney relied on an incorrect marking in his diary; *Lynch v. Illinois Hospital Services, Inc.*, 38 Ill.App.2d 470, where the attorney's secretary failed to note a pending hearing in the daily log and appointment book.) The trend of the courts is to subordinate the existence of a meritorious defense or excusable

neglect to the primary goal of assuring that justice be served by affording the defaulted party his day in court. The reviewing court need not determine, as a matter of law, that the trial court abused its discretion, but only resolve the question of whether justice has been served. *Trojan v. Marquette National Bank*, 88 Ill.App.2d, 428, 438.

■■ It is the opinion of this court that allowing the defendant to have his day in court and a trial on the merits of this case will not result in any hardship on the plaintiffs. It is the belief of this court that justice will be done by reversing the judgment and order of the trial court and remanding with instructions to set aside the default judgment and allow the defendant a reasonable time to plead.

Reversed and remanded with directions.

SCOTT, P. J., and STOUDER, J., concur.