AMELIA M. EDEN, Plaintiff-Appellant, v. JAMES F. EDEN, Defendant-Appellee.

(No. 61136;

First District (4th Division)—November 26, 1975.

H. Joseph Gitlin, of Woodstock, for appellant.

Wayne J. Silva, of Hoffman Estates, for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The plaintiff, Amelia M. Eden, commenced an action for divorce against the defendant, James F. Eden. The defendant filed an answer to the plaintiff's complaint as well as a counterclaim to which the plaintiff replied. After issuing a series of pretrial orders pertaining to matters such as temporary child support and alimony for the plaintiff, psychiatric examinations for both parties, and a writ of attachment for contempt against the plaintiff for infringement of defendant's visitation rights, the trial court, in an *ex parte* proceeding, dismissed the plaintiff's complaint for want of equity and entered a decree of divorce upon the defendant's counterclaim. Subsequent to an unsuccessful attempt to set aside the divorce decree, the plaintiff was found guilty of wilful contempt of court

and sentenced to be incarcerated for sixty days. On appeal, the plaintiff contends the trial court erred in (1) denying plaintiff's motion to set aside the decree of divorce and (2) finding the plaintiff in contempt of court and imposing a jail sentence for such violation. We are in accord.

A review of the record reveals that the plaintiff, a resident of McHenry County, filed a sworn complaint on December 26, 1973, for divorce against the defendant, a resident of Cook County. On January 14, 1974, the defendant filed his answer to the complaint as well as a counterclaim for divorce. The plaintiff replied to the allegations contained in the defendant's answer and counterclaim. An order was subsequently entered on February 7, 1974, wherein not only was a hearing set concerning the plaintiff's request for temporary alimony, child support and custody but the court further restrained each party from harassing one another and from encumbering or disposing of the marital assets. On April 17, 1974, the plaintiff was granted leave for substitution of counsel. The court also ordered the defendant to pay the plaintiff the sum of $700 per month for temporary child support. The defendant, in turn, was granted visitation rights with the parties' three children on each Saturday and Sunday from 10 a.m. to 6 p.m. provided he gave the plaintiff two days' notice. A petition for a rule to show cause was filed by the defendant on April 29, 1974, in which disobedience by the plaintiff of the court's order as to harassing and temporary visitation was alleged. This petition was succeeded by an order entered on April 30, 1974, wherein the plaintiff was required to appear before the court to show cause on May 7, 1974. On that same date, the instant divorce action was to be heard on the regular contested call of cases for trial, but was dismissed for want of prosecution. The dismissal order was vacated on May 6, 1974, by virtue of the defendant's petition and the cause was set for trial on June 24, 1974.

On May 7, 1974, the date set for the return of the rule to show cause and for pretrial, the defendant filed a petition for (1) a mental examination of the plaintiff, (2) a declaratory judgment that the plaintiff was incompetent, (3) temporary custody of the children, and (4) exclusive temporary possession of the parties' marital home. The court also entered an order on that date allowing the withdrawal of the plaintiff's second attorney as well as requiring both parties to submit to a psychiatric examination to ascertain their mental condition. All other matters were continued generally.

When the cause appeared on the contested trial calendar on June 24, 1974, the court continued the matter to July 18, 1974, since only the defendant and his attorney appeared. On July 9, 1974, the defendant submitted a motion for and the court ordered a writ of attachment against the plaintiff because she refused him visitation to the children. The

cause subsequently appeared on the call of the contested trial calendar on July 19, 1974, at which time the plaintiff did not have an attorney of record. Despite the presence of only the defendant and his attorney, the court, in an *ex parte* proceeding, dismissed the plaintiff's complaint for divorce for want of equity and entered a decree of divorce on the defendant's counterclaim. Such decree barred the plaintiff from receiving alimony; granted the defendant all the furniture and furnishings of the marital residence, title and possession to the marital residence, custody of the three minor children of the parties without any visitation provision by the plaintiff, and other relief pertaining to the parties' respective personal possessions. The decree also continued the writ of attachment which was subsequently served on the plaintiff, but was quashed by a court order entered on July 23, 1974, which also released the plaintiff from sheriff's custody.

On August 19, 1974, the plaintiff, by her new attorney of record, filed a motion supported by an affidavit to set aside the decree for divorce. By an agreed order, this motion was continued to September 19, 1974. However, on September 10, 1974, the defendant filed a petition for a rule to show cause, and a writ of assistance as well as a motion to dismiss the plaintiff's motion to set aside the divorce decree. The defendant submitted on September 25, 1974, a second petition for the same relief to which the plaintiff filed an answer. With both parties and respective counsel present on that date, the court entered an order finding the plaintiff guilty of wilful contempt of court for refusing to allow the defendant to visit his children and committing her to jail for sixty days. This edict further provided that the order of commitment be suspended until further order of the court.

Another petition was filed by the defendant on October 22, 1974, in which he sought the immediate commitment of the plaintiff and that her motion to vacate the decree for divorce be dismissed with prejudice. The plaintiff moved to dismiss this petition. In response to these pleadings, the court found that due to the plaintiff's unaltered contemptuous misconduct in refusing visitation to the defendant, her motion to set aside the divorce decree was denied and she was committed to jail for sixty days, such commitment to be stayed for seven days contingent that she voluntarily commit herself to a psychiatric institution. An appeal from the above order was taken by the plaintiff on October 30, 1974. An order committing the plaintiff to jail for sixty days was entered the next day and she was taken into custody on November 12, 1974. The plaintiff remained in jail until November 27, 1974, when this court, on the plaintiff's motion, released her pending disposition of this cause on appeal.

■■ We first consider the propriety of the denial by the trial court of

the plaintiff's motion to set aside the decree of divorce. In the case at bar, plaintiff's motion was made pursuant to section 50(5) of the Civil Practice Act and section 1.5 of the rules of practice of the circuit court of Cook County which respectively provide:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable." (Ill. Rev. Stat. 1973, ch. 110, par. 50(5).)
>
> "A motion to set aside a judgment or decree entered upon default should show a meritorious defense to the claim and that he and his attorney have exercised reasonable diligence * * *." (Cook County Cir. Ct. R. 1.5.)

The defendant contends that since a default order was never entered in this matter, the plaintiff's motion should have been filed pursuant to section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 68.3) which allows a party within 30 days after the entry of a decree in all cases tried without a jury to file a motion to vacate a decree. Yet, it is well settled in Illinois that matters of this nature cannot be raised for the first time on appeal. (See, *e.g.*, *Rosewood Corp. v. Fisher*, 46 Ill.2d 249, 256, 263 N.E.2d 833, 837, *cert. denied sub. nom., Burton v. American National Bank & Trust Co.*, 401 U.S. 928, 28 L.Ed.2d 209, 91 S.Ct. 924; *Anderson v. Anderson*, 30 Ill.App.2d 345, 174 N.E.2d 716 (abstract opinion)). Even assuming arguendo that the plaintiff should have brought her motion under section 68.3 of the Civil Practice Act, the substantive relief sought by the motion was the same and identification of the section of the statute could be considered mere surplusage since the character of a pleading is determined more from its content than by its label. (*Allstate Insurance Co. v. Horn*, 24 Ill.App.3d 583, 591, n. 2, 321 N.E.2d 281, 291, n. 2; *Kasper v. Frank*, 9 Ill.App.3d 481, 483, 292 N.E.2d 508, 509.) Thus, whether the decree was technically entered by default or heard *ex parte* as uncontested, was, for all practical purposes, the same since only one party was heard by the court.

While default judgments are often entered to foster control and discipline of court procedure (*Smith v. National Drag Racing Enterprises, Inc.*, 24 Ill.App.3d 91, 320 N.E.2d 43 (abstract opinion)), a court has the power to vacate a default divorce decree in any case where the circumstances demonstrate that justice will be served. (*Younkins v. Younkins*, 121 Ill.App.2d 416, 421, 257 N.E.2d 521, 523.) Although there is no hard and fast rule, which could be applied to all situations regardless of the outcome, to determine what is just and proper (*Morning v. Morning*, 9 Ill.App.3d 555, 599-60, 291 N.E.2d 875, 879; *Widicus v. Southwestern*

*Electric Cooperative, Inc.*, 26 Ill.App.2d 102, 109, 167 N.E.2d 799, 803), the existence of a party's meritorious defense or his excusable neglect are factors, as is the hardships suffered by the other party in going to trial on the merits, which the court may consider in resolving whether to vacate the default. *E.g., Becker v. Pescaglia*, 24 Ill.App.3d 410, 411, 320 N.E.2d 615, 617; *Keafer v. McClelland*, 23 Ill.App.3d 1035, 1037, 321 N.E.2d 136, 137-38.

■■ Applying the above legal precepts to the instant case, we are of the opinion that the trial court erred in denying plaintiff's motion to vacate the decree of divorce. The plaintiff did exercise due diligence in attempting to set aside the decree as evidenced by the filing of her motion to vacate within the 30 days after its entry. Moreover, the plaintiff did proffer meritorious defenses in her motion accompanied by her affidavit, which ranged from her denial that she had no equity in the real estate of the parties to an action on the allegations contained in the defendant's counterclaim pertaining to her fitness to have custody of the parties' children. It is also clear from the record that the trial court did not take nor hear any evidence on the motion to vacate. Rather, as the defendant concedes, and the following passage illustrates, the trial court predicated its October 22, 1974, order to deny such motion solely on the prior contemptuous conduct of the plaintiff.

> "Based upon this court's previous finding that Amelia Eden was and is in wilful contempt of this court's order by her refusal to allow James Eden to visit the parties' children in such order, and based upon this court's discretion that since September 25, 1974, said Amelia Eden has not altered her pattern of contempt and misconduct with respect to refusal to permit James Eden to visit his children, it is ordered that: (1) Amelia Eden's request for affirmative relief from this court in the nature of her motion to set aside the Decree of Divorce is hereby denied * * *."

We therefore conclude that in light of the judicially enunciated factors utilized in determining whether to vacate a decree entered *ex parte*, substantial justice necessitates the reversal of the trial court's denial of the plaintiff's motion. We further believe that the decree rendered by the trial court works an injustice on the plaintiff and should be vacated. As mentioned previously, the plaintiff had no counsel of record when the cause was called for trial on the contested trial calendar. A quick look in the court file would reveal the many appearances in court of the parties and the entry of numerous orders indicating a serious contested matter. In addition, the decree was entered only one day after such hearing. We agree with the plaintiff that the previsions contained in the decree were totally one-sided and unconscionable in that it awarded

the defendant virtually all of the parties' real and personal property besides granting him custody of the children who were then residing with plaintiff. Hence, it is the belief of this court that vacating both the trial court's order denying the plaintiff's motion to set aside the divorce decree itself will allow the plaintiff to have her day in court and that a trial on the merits will not result in any prejudice to the defendant.

■■ We also believe that the trial court erred in finding the plaintiff in contempt of court. Contempt of court generally consists of any act which is calculated to obstruct, embarrass or hinder the court in the administration of justice and which is committed for the purpose of lessening the authority or the dignity of the court. (*E.g., People v. Miller,* 51 Ill.2d 76, 78, 281 N.E.2d 292, 293; *In re Estate of Melody,* 42 Ill.2d 451, 452, 248 N.E.2d 104, 105.) Moreover, there are four types of contempt which are delineated as follows: (1) indirect contempt which entails a contumacious act committed outside the presence of the court (*e.g., People v. Javaras,* 51 Ill.2d 296, 300, 281 N.E.2d 670, 672; *Kay v. Kay,* 22 Ill. App.3d 530, 318 N.E.2d 9 (abstract opinion)); (2) direct contempt which involves an act committed in the presence of the court (*e.g., People v. Clark,* 4 Ill.App.3d 301, 303, 280 N.E.2d 723, 724; *Kotowski v. Kotowski,* 3 Ill.App.3d 231, 233, 278 N.E.2d 856, 857); (3) civil contempt which consists of failing to do something ordered by the court, usually for the benefit of the opposing litigant (*e.g., People ex rel. Kazubowski v. Ray,* 48 Ill.2d 413, 416, 272 N.E.2d 225, 226, *cert denied,* 404 U.S. 818, 30 L.Ed.2d 118, 92 S.Ct. 78; *Sullivan v. Sullivan,* 16 Ill.App.3d 549, 551-52, 306 N.E.2d 604, 605); and (4) criminal contempt which comprises conduct directed against the dignity and authority of the court or the judge acting judicially (*e.g., Sullivan v. Sullivan,* 16 Ill.App.3d 549, 551, 306 N.E.2d 604, 605; *George v. Toal,* 6 Ill.App.3d 329, 286 N.E.2d 41 (abstract opinion)).

■■■ Applying these categorical distinctions of contempt to the case at bar, it is clear that the instant controversy involves indirect civil contempt. Although we initially note the conscientious concern of the trial court for the welfare of the parties' children, we are of the opinion that it should not have held the plaintiff in contempt since it is well established in Illinois that in proceeding to punish one for indirect contempt of court, the alleged contemnor is entitled to a hearing where extensive evidence is produced. (*E.g., People v. Javaras,* 51 Ill.2d 296, 300, 281 N.E.2d 670, 672; *People v. Stafford,* 118 Ill.App.2d 453, 255 N.E.2d 17 (abstract opinion).) While the record evidences that many proceedings were held and orders entered regarding the defendant's various petitions for a rule to show cause, we are not satisfied that the plaintiff, who had difficulty with her two previous attorneys and who did not appear

at certain dispositions, was afforded a full hearing on the matter of contempt. The only proceeding in which the court and counsel for the respective parties *attempted* to discuss this matter in depth occurred on September 25, 1974, the date the plaintiff was found guilty of wilful contempt. The report of proceedings for that date reveals a colloquy between the court and the counsel for both parties in which the defendant's attorney, after presenting a petition for rule to show cause, made representations to the court about the plaintiff's conduct pertaining to visitation of the parties' children. Subsequent to inquiring from each counsel as to the course of action that should be undertaken regarding the defendant's petition, the record shows that the court then invited both counsel into chambers. Thus, in light of such a record, we can only presume that the issue of contempt was heard by the court in chambers without the parties being sworn or an opportunity afforded both sides to present evidence or cross-examine witnesses. We therefore conclude that even though the plaintiff is not free to disobey court orders and unilaterally disregard the edict concerning visitation rights, evidence must be heard before the plaintiff's conduct can be held to be of a wilful and contumacious character.

For the foregoing reasons we hold that plaintiff's motion to vacate the decree for divorce should have been granted and that the order of contempt and attachment of plaintiff is to be quashed. The cause is therefore remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and remanded.

DIERINGER, P. J., and JOHNSON, J., concur.