JAMES A. JONES et al., Plaintiffs-Appellants, v. W. DONALD SULLIVAN et al., Defendants-Appellees.

(No. 13250;

Fourth District—January 8, 1976.

Dunn, Brady, Goebel, Ulbrich, Morel & Jacob, of Bloomington (John Morel, of counsel), for appellants.

No appearance for appellees.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiffs brought this action for money damages against the two defendants, Beatrice T. Sullivan and W. Donald Sullivan, in the circuit court of McLean County. Plaintiffs failed to appear at the hearing and the cause was dismissed with prejudice. Four days later plaintiffs filed a motion to reinstate the cause and vacate the dismissal. The motion was granted as to Beatrice T. Sullivan, who had failed to appear at the

hearing, but was denied as to W. Donald Sullivan. Plaintiffs appeal from that part of the court's order denying the reinstatement of the cause as to W. Donald Sullivan.

On September 18, 1974, a two-count complaint was filed against W. Donald Sullivan and Beatrice T. Sullivan. At the time of this action, defendants, husband and wife, both resided in Orange County, California. Summons was served upon both defendants for appearance on or before Monday, November 18, 1974. By correspondence dated November 6, 1974, W. Donald Sullivan contacted Circuit Court Judge William D. DeCardy requesting a different hearing date for the following reason:

"As I presently reside in California, I will not be able to appear on that date. However, I would like to answer the complaint as I feel it is unjustified. I plan to be in Bloomington December 3 through December 19, 1974, and respectfully request that the case be reassigned in order that I can appear during that time."

Judge DeCardy made a docket entry indicating that the written appearance by the defendant was on file and that the cause was set for bench trial on December 16, 1974, at 1:30 p.m., and he sent notice to defendant and to plaintiffs' counsel. On December 16, 1974, W. Donald Sullivan appeared *pro se* for the bench trial. Plaintiffs failed to appear. Upon motion of W. Donald Sullivan, the cause was dismissed with prejudice by the court on that date. On December 20, 1974, plaintiffs filed a motion to reinstate, with attached affidavits of plaintiffs' counsel, and served notice on defendants in California that the motion to reinstate would be heard in Bloomington, Illinois, January 21, 1975. No counter-affidavits or pleading in opposition to the motion to reinstate were filed by defendants. Plaintiffs' motion alleges a meritorious claim and states in substance that the practice of the McLean County associate division of the circuit court is to schedule between one and several dozen hearings at 1:30 p.m.; that it is not uncommon for counsel to be required to wait extended periods of time for their case to be called; and that it is not uncommon for the court to reschedule a hearing if, after failing to appear when their case is called, counsel subsequently arrive before the court enters a default judgment on the docket sheet.

The affidavits of plaintiffs' counsel state that plaintiffs' counsel had received a notice from the Fair Employment Practices Commission that three cases were pending which required plaintiffs' counsel's presence on Monday, December 16, 1974; that it is not uncommon for the Commissioner to notify the parties on the Friday preceding a Monday hearing of a continuance; and that accordingly, although plaintiffs' counsel had a conflict in scheduling, it was not until Friday, December 13, 1974,

that the Fair Employment Practices Commission cases were confirmed. Plaintiffs' counsel further stated that on Friday, December 13, 1974, he made unsuccessful attempts to locate defendants, and that on Monday he contacted his office and requested that another member of the firm be present at the hearing.

A second member of plaintiffs' counsel's firm filed an affidavit stating that at 1:45 p.m., December 16, 1974, W. Donald Sullivan was notified by telephone that a member of the firm would be coming to the courthouse as soon as possible; that a member of the firm arrived at the courthouse before 2:30 p.m. to represent plaintiffs; and that during a break period between 3 p.m. and 3:30 p.m. Judge DeCardy advised the firm's representative that the case had been dismissed with prejudice.

A hearing was conducted on plaintiffs' motion to reinstate on January 21, 1975. Defendants did not appear in person or by counsel. The court granted the motion to reinstate the matter as to Beatrice Sullivan. The court found that because Beatrice Sullivan failed to appear for trial on December 16, 1974, no action had been taken with respect to her on that date. The court denied the motion as to W. Donald Sullivan and refused to reinstate the matter. We affirm.

■■ Plaintiffs first contend that the trial court abused its discretion in dismissing plaintiffs' cause of action. The law in Illinois regarding the dismissal of a cause of action for want of prosecution is stated in *Elward v. Mancuso Chevrolet, Inc.*, 122 Ill.App.2d 421, 259 N.E.2d 344, where the court stated:

"Under the law of this State (*Athens v. Ernst*, 342 Ill.App. 357, 96 N.E.2d 643; *Sanitary Dist. of Chicago v. Chapin*, 226 Ill. 499, 80 N.E. 1017), the courts have inherent power to dismiss a lawsuit for want of prosecution. A failure to act or other circumstances which would justify the dismissal of an action for want of prosecution could necessarily vary from case to case. A determination of whether there has been a lack of prosecution which justifies a dismissal, is said to rest within the sound discretion of the trial court and the determination of the trial court will not be disturbed unless such court has abused its discretion (*Epley v. Epley*, 328 Ill. 582, 160 N.E. 113)." 122 Ill.App.2d 421, 426, 259 N.E.2d 344, 347.

■■ A fundamental principle of Illinois law is that default judgments are not encouraged and should be employed only as a last resort. (*Dienthal v. Branovacki*, 23 Ill.App.3d 726, 320 N.E.2d 177.) Litigants, however, owe a duty to the court to be prepared to proceed with trial when their cases are reached on the trial calendar. (*Bender v. Schallerer*, 9 Ill.App.3d 951, 293 N.E.2d 411.) When a case is reached for trial

regularly on the call and the plaintiff fails to appear and the defendant is present insisting upon a disposition of the case, the court may properly dismiss the case for want of prosecution. (*Leonard v. Garland*, 252 Ill. 300; *Delano v. Bennett*, 61 Ill. 83.) In the instant case, the cause was called for disposition at approximately 1:30 p.m., December 16, 1974, in accordance with the notice which Judge DeCardy had sent November 14, 1974. Plaintiffs failed to appear. Defendant was present. No evidence exists that plaintiffs' counsel had requested a continuance or had notified the court that he would be late. Defendant is a nonresident who had given the court notice, which was relayed to plaintiffs, that he would be in Bloomington only temporarily. Both defendant and the court had taken steps to procure a hearing on the merits, which was frustrated by plaintiffs' failure to appear. Upon these facts, the trial court clearly did not abuse its discretion in dismissing the case in the face of plaintiffs' nonappearance.

■■ Plaintiffs next contend that the trial court abused its discretion in denying plaintiffs' motion to vacate the dismissal. The propriety of the court's decision in denying plaintiffs' motion to vacate is governed by section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)), which provides:

> "The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

In *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill.App.2d 102, 108-109, 167 N.E.2d 799, 802-803, the rule was established that the question of whether a default should be set aside pursuant to section 50(5) should be resolved to do substantial justice between the parties. Modern cases require that a just result be achieved and the court must decide whether it is just and reasonable, under the circumstances, to compel the other party to go to trial on the merits. *People ex rel. Reid v. Adkins*, 48 Ill.2d 402, 270 N.E.2d 841; *Smith v. National Drag Racing Enterprises, Inc.*, 24 Ill.App.3d 91, 320 N.E.2d 43; *Morning v. Morning*, 9 Ill.App.3d 555, 291 N.E.2d 875; *Becker v. Pescaglia*, 24 Ill.App.3d 410, 320 N.E.2d 615; *Patrick v. Burgess-Norton Manufacturing Company*, 25 Ill.App.3d 1083, 324 N.E.2d 196.

Plaintiffs' counsel submitted affidavits in support of the motion to reinstate. The affidavits disclose that plaintiffs' counsel had notice of a time conflict between this case and the Fair Employment Practices Commission cases. Although the Commission hearing was "confirmed" Friday, December 13, 1974, counsel waited until Monday, December

16, 1974, to attempt to procure a substitute representative, who arrived at the courthouse after the dismissal had been granted. Plaintiffs are represented, not by a sole practitioner, but by an entire firm, which had the manpower to make a representative available, but did not feel compelled to make a timely appearance based upon the court's alleged patronizing treatment of untimely appearances. In effect, plaintiffs' counsel considered other business of greater priority than making an appearance at 1:30 p.m. and waiting for the case to be called. Counsel's affidavit states that defendant was notified at 1:45 p.m. that a firm member would arrive late. No evidence or factual allegation is presented whether the notification occurred before or after the dismissal was granted.

■■ The record demonstrates that defendant desired to and attempted to be heard on the merits. He requested that his hearing be changed from November 18, 1974, to sometime between December 3 and December 19, 1974, because he is a California resident and would be in Illinois only during that time. Plaintiffs' counsel was given notice of the changed date for hearing in a letter from Judge DeCardy dated November 14, 1974. That same letter notified plaintiffs of defendant's letter. Although defendant's letter states that he would be in Bloomington only until December 19, 1974, and the dismissal occurred Monday, December 16, 1974, plaintiffs waited until December 20, 1974, to file the motion to reinstate. Defendant is a California resident. The action is for the sum of $245. Presumably it may cost more than that to either appear *pro se* or hire an Illinois representative if defendant is required to again attempt to defend on the merits. Vacating the dismissal under these circumstances will impose an onerous burden on defendant to protect his interests. In our opinion justice will be best served if the trial court's dismissal of the case is affirmed.

Judgment affirmed.

GREEN and SIMKINS, JJ., concur.