MARIA PANVINO, Plaintiff-Appellant, v. PIETRO PANVINO, Defendant-Appellee.

First District (4th Division)   No. 77-796

Opinion filed May 18, 1978.

Noel C. Lindenmuth, of Chicago, for appellant.

Leon D. Shapiro, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from the circuit court of Cook County. The plaintiff, Maria Panvino, was found to be in contempt of court and was sentenced to not more than six months in the custody of the sheriff of Cook County. The plaintiff is appealing from the finding of the trial court.

There are three issues presented for review: (1) whether or not the plaintiff was denied due process of law at the hearing on the alleged contempt; (2) whether or not the order modifying the visitation rights was contrary to the best interests of the child; and (3) whether or not the order modifying the visitation rights was improper.

The facts of the case are the plaintiff filed for a divorce from the defendant, Pietro Panvino. Pursuant to court order, the plaintiff was awarded custody of a minor child, 4½ years old, and the defendant was given visitation rights. The defendant filed a petition for a rule to show cause why the plaintiff should not be held in contempt of court for refusing to allow him to visit with the child. A hearing on the petition to show cause was held and the only testimony was from the director of clinical services of the Cook County Juvenile Court, a psychiatrist whose qualifications were stipulated to by both parties. The doctor testified the child was "moderately severely disturbed"; demonstrated a pronounced separation anxiety; and had a phobic reaction to the word "father." The doctor also testified the child needed the psychiatric treatment continued and there was a strong possibility of permanent damage to the child if she was put in the custody of the father. The trial judge offered the gratuitous comment he had cured the same problem by awarding the child to the parent who disturbed the child.

At a subsequent hearing on the rule to show cause the plaintiff admitted she had not sent the child to the defendant because the child became hysterical when the father appeared at the door. When the plaintiff's attorney offered additional testimony as to the child's emotional problems the trial judge said, "You've had plenty of hearing." The trial judge then ordered the plaintiff to serve not more than six months in the custody of the sheriff of Cook County.

As is clear from the facts in this case the plaintiff was not afforded a fair and reasonable hearing by the trial judge. (*Eden v. Eden* (1976), 34 Ill. App. 3d 382.) The trial judge was in error when he substituted his opinion in a medical situation for one of an expert whose qualifications the opposing attorney stipulated were excellent. Given these facts it is unnecessary for us to consider the other issues raised by the plaintiff.

Accordingly, for the reasons contained herein, the judgment of the circuit court of Cook County as to the contempt sentence of the plaintiff is reversed, and the child shall be in the custody of the mother with

directions to the trial court to hold another hearing as to the visitation rights of the father.

Reversed and remanded with directions.

JOHNSON, P. J., and ROMITI, J., concur.