James Martin, Plaintiff-Appellee, Cross-Appellant, v. Eloise M. Martin, Defendant-Appellant, Cross-Appellee.

### Gen. No. 50,010.

First District, Third Division.

July 1, 1965.

Albin Dommermuth and A. Denison Weaver, of Chicago, for appellant.

Elson, Lassers and Wolff, of Chicago (Willard J. Lassers, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order granting the husband's complaint for a divorce on the ground of desertion and denying defendant's counterclaim for separate maintenance. Plaintiff cross-appeals from an award of $2,000 to the defendant. James and Eloise Martin were married in Decatur, Georgia, six miles from Atlanta, on May 4, 1943. No children were born of the marriage and none were adopted. Plaintiff is now a resident of Chicago. Defendant has resided and taught school in Atlanta since 1932. Since 1957 she has been working for a master's degree in library science. The parties are now in their fifties. A history of their relationship follows.

Plaintiff served in the army from 1943 until the spring of 1946. The parties lived together in Atlanta

from 1946 until the fall of 1949, when the plaintiff came to Chicago to attend graduate school in business administration. The defendant remained in Atlanta, but visited the plaintiff for a two or three day period and later she attended his graduation. From 1950 to 1954 they lived together in Atlanta. In 1954 the plaintiff was employed and lived in Tallahassee and later in St. Augustine, Florida. The defendant did not move with her husband, but he appears to have visited her on weekends in Atlanta. In 1956 the plaintiff moved to Chicago, where he was employed as an accountant and where he has continued to live, and from that time on their consorting together was casual and infrequent.

In 1957 the defendant saw her husband at his father's funeral in Indianapolis. Apparently no visit together followed that meeting. In the spring of 1960 there appears to have been a short revival of their relationship. On a telephone call from the plaintiff, defendant visited him in Chicago for a week and then came to Chicago again in July, when they lived together for seven or eight weeks. She returned in the summer of 1961 and lived with him for a time. In 1962 she spent a weekend with him in Chicago. During her 1960 visit they met the plaintiff's sister and her husband at a summer resort, and when plaintiff's sister asked defendant whether she was in Chicago to stay, defendant replied that she did not know why she should, as her husband could get a job in Atlanta comparable to the one he had in Chicago and that she wanted to get her master's degree, preserve her tenure and get her vacation. She thought it would take two years more to get her degree. When she came to Chicago in 1961, she gave as her reason for not moving there the fact that she was going to school and that

plaintiff only had an efficiency apartment. It was on that occasion that plaintiff told her she was not to return *"unless she was going to stay for good."* (Emphasis added.)

In August 1962 the defendant went from Atlanta to Detroit on a vacation tour. She had a free trip and to save money, she decided to go to Chicago before returning to Atlanta. She called the plaintiff the day before she arrived in Chicago and she stayed the weekend with him. Plaintiff then again told her "she was not to return to Chicago for a visit; that she was to come and stay."

The defendant testified that in the conversation she had with the plaintiff about her coming to Chicago and staying permanently, she told him she had about completed her school work and that "if anything should happen to you, I would be captured coming up here in a new situation and a degree wouldn't be much advantage. . . ." She further testified that she said "I will be coming up right on vacations and holidays. He said something to this wise, don't come until you come to stay. And I asked him to tell me that I can't come on vacation time any more or Christmas time. He said no. I said are you sure about that, does that hold true? He said yes. I said, well I will work hard and try to complete the work within the year."

Following defendant's visit in August 1962 they had no more visits together, and plaintiff filed suit for divorce on January 16, 1964.

A divorce based upon desertion may be granted where either party "has wilfully deserted or absented himself or herself from the husband or wife, without any reasonable cause, for the space of one year." Ill Rev Stats, c 40, § 1 (1963).

It is uncontroverted that a wife has a duty to follow her husband when he chooses to change his

residence, and her failure to do so in most circumstances, save for special circumstances not pertinent here, constitutes desertion. Kennedy v. Kennedy, 87 Ill 250; Bateman v. Bateman, 337 Ill App 7, 85 NE2d 196. It appears in the instant case that to the defendant, her teaching position in the Atlanta school system, her home in Atlanta, her tenure as a teacher and her pension rights, and her pursuit of a master's degree in library science outweighed whatever desire she may have had to move to Chicago to be with her husband.

■ The defendant argues, however, that plaintiff consented to the original separation and in fact was the motivating party; that it was incumbent upon him to express in some positive way a desire to resume their marital relationship and failing to do so, he cannot charge desertion. The evidence reveals that the plaintiff told defendant she was not to come to Chicago "unless she was going to stay for good," and that "she was not to return to Chicago for a visit; that she was to come and to stay." This makes clear that in 1961 and 1962 the plaintiff wanted his wife to live with him in Chicago on a permanent and not simply a part time vacation basis and that he did not consent to her absence.

The case is unique in that the usual hysterical and violent denunciations found in divorce cases are not here present. The parties appear to be intelligent and decent people, but it is obvious that their marriage was not the absorbing event of their lives.

The testimony of defendant to a considerable degree supports plaintiff's position. To the slight extent to which there is a contradiction, the trial court's finding in favor of the plaintiff is controlling.

■ We proceed to a consideration of the plaintiff's cross-appeal from the award to the defendant of

$2,000. The chancellor heard evidence as to the financial position of the parties. At the time of their marriage in 1943 the plaintiff's only asset was his monthly army paycheck. The assets he has since acquired have been modest and without the aid of his wife. They hold no property jointly. Defendant has offered no rationale in her brief or in the oral argument to justify the award. The trial judge failed to state the basis for it, and we can find no reasonable grounds on which to sustain it.

The decree insofar as it grants plaintiff a divorce is affirmed. The provision of the decree which awards the sum of $2,000 to defendant is reversed and the cause is remanded with directions to modify the decree accordingly, and for such other and further proceedings as are not inconsistent with the views herein expressed.

Decree affirmed in part, reversed in part, and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.