**Drexel Savings and Loan Association, a Corporation, Plaintiff-Appellee, v. Barbara McCall, Defendant-Appellant.**

Gen. Nos. 52,846, 53,013.

First District, Third Division.

February 20, 1969.

Barnes & Grant, of Chicago (Arthur H. Grant, of counsel), for appellant.

Cusack & Cusack, of Chicago (Robert E. Cusack and Robert Irmiger, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Defendant appeals from a judgment for possession, and for rent and damages entered against her.

The only issue before this court is whether the defendant was served with summons. A default and ex parte judgment was entered against the defendant together with an order that a writ of restitution issue on December 26, 1967. On January 18, 1968, the writ of restitution was executed and the defendant and her furnishings were removed from the premises. On January 19th, defendant served notice on plaintiff's attorney that she would file a motion to vacate the default judgment on the grounds set forth in the petition. The hearing on the petition was set for Monday, January 22, 1968. The motion also contained a special and limited appearance of the defendant. The complaint in this case was filed on December 6, 1967, in which it was alleged that the plaintiff was entitled to possession of the premises named therein and also that the plaintiff was entitled to damages at the rate of $10 per day during the period occupied by the defendant after termination of the lease which expired on November 30, 1967. The complaint also alleged that there was due to the plaintiff from the defendant the sum of $230 for rent or damages for withholding possession of the premises from December 1, 1967, to December 23, 1967, after allowing defendant all just credits. The complaint further alleged that the plaintiff claimed possession of the property and $310 for rent or damages.

Summons was issued on December 6, 1967, and the return date was December 16, 1967. The summons was returned with a notation that it had been served on the

31

defendant by delivering a copy thereof to her on Sunday, the 10th day of December, 1967.

In addition to the motion filed by the defendant, the defendant was given permission by the court to file 34 affidavits in support of her contention that she was not served with summons and that the court lacked jurisdiction.

The deputy sheriff testified that he served the defendant on the day indicated by the deputy's return at 8023 Stewart Avenue, Apartment B. He further testified that he served the summons "After Twelve, afternoon. It was in the early evening." There was some uncertainty on his part as to just when he allegedly served the summons. When asked to describe the defendant, the deputy sheriff said that she weighed approximately 130 pounds. He further testified that defendant's back was in front of the light and that he was outside the house so that he couldn't give any facial description, but he indicated that her height was a little over five feet.

The defendant testified that she had not been served with a summons in this case on that day, and that on that Sunday she had been at the Shiloh Baptist Church, 4840 South Dorchester Avenue. She arrived at church at 9:00 in the morning and remained in the church until about 10:00 or 10:30 p. m. that day. She further testified that she did not leave the church that day. It was her duty as church secretary to be there in the mornings to give out envelopes and to hand out church bulletins and to make sure that they are ready because she is the announcement clerk in the church. She further testified that she stayed in church all day and that on December 10, 1967, she arrived home about 12:00 p. m. or 12:30 a. m. on December 11, 1967.

Another witness, Lenora Bivins, stated that she was an official of the church and she knew the defendant. The witness further testified that she arrived at the church about 10:45 a. m. and that the defendant was at

the church at that time and that she stayed there all day. She stated that she did not leave the church until approximately 10:00 p. m. in the evening and that she saw the defendant on and off all day long. However, she further testified that the defendant was not out of her sight during the entire day and evening. She testified that Barbara McCall, the defendant, had dinner between the hours of 2:00 or 3:00 p. m. in the church, and that between the hours of 5:00 and 6:00 the defendant broadcasted from the church.

Another witness, Sidney Jones, was called on behalf of the defendant. He testified that he also was a member of the Shiloh Baptist Church and had been a member for 16 years; that he is one of the officials and his position is deacon and superintendent of Sunday School. He had known Barbara McCall for about 7 or 8 years. On the Sunday in question, he saw Barbara McCall around 10:00 a. m. Shortly after 11:00 or between 11:00 and 12:00 she made the announcements and she remained at the church all day. The defendant has been secretary of the church for about three or four years.

The court was told that the minister of the church was on his way and was going to testify for the defendant. However, the court said "it doesn't make any difference. It would be only cumulative." The court then stated, among other things, that "we have some 34 affidavits, some of which are not pertinent. But there are at least five or six here who say that they saw her all day at the church." The court further said, after correctly summing up the law, the following: "But in view of all those circumstances, and in view of these affidavits, I am inclined to give them a new trial here, provided they submit to the jurisdiction of this court by an appearance."

The 34 affidavits filed in support of the motion to vacate the judgment on the ground that the court lacked jurisdiction were signed by members of the Shiloh Baptist Church who had seen the defendant at the church at

33

various times of the day in question. The trial judge was correct in stating that many of these affidavits were not pertinent for the reason that those affidavits covered periods of time not in question. However, the trial court correctly stated that there were at least five or six affidavits of members of the church which stated that they saw her all day at the church.

■ ■ Section 20 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 20) provides for the filing of a special appearance either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. Further provision is made therein that if the reasons for objection are not apparent from the papers on file in the case, the special appearance shall be supported by affidavit setting forth the reasons and that in ruling upon the objection, the court shall consider all matters apparent from the papers on file in the case, affidavits submitted by any party, and any evidence adduced upon disputed issues of fact. Section 20 further provides that an error in ruling against the defendant on the objection is waived by the defendant's taking part in further proceedings in the case unless the objection is on the ground that the defendant is not amenable to process issued by a court of this state. The defendant, having been satisfied that she had proven that she had not been served with summons, did not have to submit to the jurisdiction of the court by filing a general appearance as suggested by the trial judge and, had she filed such an appearance, her objection would have been waived.

The plaintiff cites Mandel v. Jackman, 16 Ill App2d 478, 148 NE2d 825, in which case it was held that a sheriff's return on a summons is prima facie proof of service and can be overcome only by clear and convincing proof. In Marnik v. Cusack, 317 Ill 362, 364, 148 NE 42, the court said:

"The stability of judicial proceedings, however, requires that the return of an officer made in the due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served but only upon clear and satisfactory evidence."

██ We believe that the defendant in this case has proved by clear and satisfactory evidence that she had not been served with the summons in question, and that a contrary finding would, from our standpoint, be against the manifest weight of the evidence. The vague and seemingly uncertain testimony of the deputy sheriff, the uncontroverted and unimpeached testimony of the witnesses for the defendant together with the pertinent affidavits compel this conclusion. It is significant that the trial judge accepted the credibility of the defendant and her witnesses when he stated: " . . . but in view of all those circumstances and in view of these affidavits, I am inclined to give them a new trial here . . . ."

We can readily understand how the conscientious trial judge, who was under constant pressure to dispose of cases, would have made the offer to vacate the judgment if the defendant would file a general appearance. However, the defendant would, of course, have waived her jurisdictional point had she accepted that offer. The judgment must be reversed and the cause remanded to the trial court with instructions to vacate the judgment and quash the service of summons upon the defendant Barbara McCall.

Reversed and remanded with directions.

SCHWARTZ and DEMPSEY, JJ., concur.