DOUGLAS W. HAWES, Plaintiff-Appellant, v. LOIS E. HAWES, Defendant-Appellee.

(No. 70-41;

Second District—November 6, 1970.

Karlin, Coe & Solomon, of Chicago, for appellant.

Diver, Ridge, Brydges & Bollman, of Waukegan, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This is an appeal from an order of the circuit court vacating portions of a default divorce decree. The plaintiff, husband, instituted suit in the State of Illinois for divorce based upon grounds of desertion. The defendant was served by the sheriff in Wayne County, Michigan. The defendant did not appear or cause an appearance to be filed on her behalf. At the ex-parte hearing, proofs were taken and a decree of divorce was entered on August 21, 1968, finding that the plaintiff was an actual resident of Lake County, Illinois for more than one year prior to filing the complaint; that two children were born of the marriage; that the defendant wilfully deserted the plaintiff; and that the plaintiff was a fit person to be awarded the custody of the children. In addition to the divorce, the decree provided:

"2. The plaintiff shall have the care, custody and education of the two children of the parties hereto, hereinbefore named, and that the defendant may have reasonable rights of visitation with them.

3. It is further ordered, adjudged and decreed that it would appear to the Court that the defendant is not entitled to any alimony."

On June 10, 1969, a notice for leave to appear and file a special and limited appearance for the sole purpose of challenging jurisdiction of the court was filed and allowed on behalf of the defendant. The verified motion moved the court to vacate paragraphs two and three of the decree of divorce, and alleged that neither the defendant nor the children of the marriage ever resided in the State of Illinois. On December 2, 1969, the court filed a memorandum of decision and entered an order vacating paragraphs two and three of the decree, set out above. The court found that it had jurisdiction to grant the divorce to the husband because of the residence of the husband and, additionally, that there had not been sufficient minimal contact with the State of Illinois, either through the residence of the children or the defendant, to support the jurisdiction of the trial court concerning the custody and alimony questions.

■■ Plaintiff argues that the act of desertion took place in Illinois, relying upon *Karman v. Karman* (1960), 24 Ill.App.2d 123 and *Martin v. Martin* (1965), 62 Ill.App.2d 105, wherein the rule was announced that a wife has a duty to follow her husband when he chooses to change his residence and that her refusal to follow constitutes desertion at the husband's new domicile. From this premise, the act of desertion having been committed in this State, the plaintiff then contends that section 17(1)(e) of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, sec.

17(1)(e)) afforded the trial court the jurisdiction to determine the custody and alimony provisions in question.

The purpose of section 17 is to expand jurisdiction over non-residents having certain associations within the State. In this case, however, the defendant did not have sufficient contact with the State of Illinois to subject her to the personal jurisdiction of Illinois courts.

Since the establishment of section 17, a number of cases have been decided which give guidelines for the application of this section. In *Nelson v. Miller* (1957), 11 Ill.2d 378, 389, the Supreme Court stated: "Sections 16 and 17 of the Civil Practice Act reflect a conscious purpose to assert jurisdiction over nonresident defendants to the extent permitted by the due-process clause." The U.S. Supreme Court, in *Hanson v. Denckla* (1958), 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, 1298, stated: "* * * It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."

The plaintiff relies quite heavily on *Gray v. American Standard Radiator & Sanitary Corp.* (1961), 22 Ill.2d 432, in supporting his position that section 17 should be construed to give personal jurisdiction under the present factual situation. The *Gray* case, however, states that although the test to satisfy the requirement is flexible, the relevant inquiry is whether the defendant engaged in some act or conduct by which he invoked the benefits and protections of the law of the forum. There is no indication that the defendant in this case did anything to fulfill the above requirements.

The defendant maintained no matrimonial domicile in Illinois, never resided in Illinois, and committed no act in Illinois. She failed to follow her husband into this State. She has never invoked the benefits or protection of Illinois law and thereby subjected herself to the personal jurisdiction of our courts as contemplated under section 17.

The plaintiff contests the jurisdiction of the trial court to amend the decree and vacate the prior provisions. According to the plaintiff, a motion under section 72 of Chapter 110 of the Illinois Revised Statutes, was the proper procedure to vacate the orders in question and that, since the defendant did not comply with said section, the trial court had no jurisdiction to amend the decree.

■■ We do not agree. It is well established that a special and limited appearance is the proper method of contesting jurisdiction. (*Spencer v. American United Cab Ass'n.* (1965), 59 Ill.App.2d 165, 169-170; *Forsberg v. Harris* (1960), 27 Ill.App.2d 159, 168-169.) The defendant acted under

section 20, Chapter 110 of the Illinois Revised Statutes, and such procedure was proper when attempting to vacate, for lack of jurisdiction, the in personam orders of the divorce decree.

For the above stated reasons the order of the trial court vacating portions of the divorce decree, is affirmed.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.