LILL COAL COMPANY, Plaintiff-Appellee, *v.* BERNARD BELLARIO, Defendant-Appellant.

(No. 60611;

First District (5th Division)—June 27, 1975.

Bernard Bellario, *pro se.*

Rosenthal and Schanfield, of Chicago (William P. Rosenthal and Harvey J. Barnett, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from a judgment in plaintiff's favor contending that: (1) the trial court erred in restricting inquiry into damages defendant claimed to have suffered; and (2) the judgment was against the manifest weight of the evidence.

Although the record does not contain a report of proceedings, it does indicate that plaintiff sued defendant for nonpayment of coal defendant had received and that after a jury rendered a verdict in plaintiff's favor the court entered judgment for plaintiff.

■■ Defendant has filed neither a transcript of the trial court proceedings nor an acceptable substitute as required by Supreme Court Rule 323 (Ill. Rev. Stat. 1973, ch. 110A, par. 323) nor an abstract or excerpt according to Supreme Court Rule 342 (Ill. Rev. Stat. 1973, ch. 110A, par. 342). Accordingly, the reviewing court is unable to properly evaluate the merits of defendant's contentions. It is a basic principle of appellate practice that a party who brings a cause to a reviewing court must present in the record the proceedings to show the error complained of. (*La Pierre v. Oak Park Federal Savings & Loan Association*, 21 Ill.App.3d 541, 315 N.E.2d 908, 911.) Where there has been a failure to file a report of proceedings a dismissal of the appeal is proper. *Glover v. Glover*, 24 Ill.App.3d 73, 320 N.E.2d 513, 516.

In addition, failure to file an abstract or excerpt as required by Supreme Court Rule 342 (Ill. Rev. Stat. 1973, ch. 110A, par. 342) is also grounds for dismissal. *Plowman v. Edgington*, 21 Ill.App.3d 410, 315 N.E.2d 338, 341; *Frederick Chusid & Co. v. Collins Tuttle & Co.*, 10 Ill.App.3d 818, 295 N.E.2d 74; *Denenberg v. Prudence Mutual Casualty Co.*, 120 Ill.App.2d 68, 256 N.E.2d 71, 72.

■■ While the court is always aware of the basic elements of fairness and procedural due process, a party appealing pro se must still comply with the established rules of procedure. The orderly administration of the affairs of this court necessitate that its rules and precedents be followed. (*Biggs v. Spader*, 411 Ill. 42, 103 N.E.2d 104, 107.) The defendant did not comply with the very basic rules of appellate procedure and therefore the appeal is dismissed.

Appeal dismissed.

BARRETT, P. J., and DRUCKER, J., concur.