PHIL FARLEY, Plaintiff-Appellee, *v.* LARRY B. BLACKWOOD, Defendant-Appellant.

First District (5th Division) No. 77-62

Opinion filed January 13, 1978.

George William Wolff, of Bartlett, for appellant.

David I. Grund and Linda J. Kroning, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

In this matter, defendant filed a notice of appeal from a default judgment entered in a forcible entry and detainer proceeding awarding possession to plaintiff and from orders denying a motion for a stay of execution and to vacate the default judgment. On appeal, the following issues are presented: (1) whether the default judgment is void for want of *in personam* jurisdiction; (2) whether it was error to have denied defendant's motion for a stay of execution; and (3) whether defendant's motion to vacate the default judgment was improperly denied.

Defendant leased an apartment from plaintiff for a one year term beginning June 1, 1975. Before its termination on May 31, 1976, plaintiff sent defendant a new one-year lease at an increased rental of $20 per

month. The letter enclosing the new lease stated that if it was not acceptable, the existing lease would be extended for one month. When defendant refused to execute the new lease or to pay the June rent, plaintiff filed a forcible entry and detainer action for nonpayment of rent. Defendant then filed an action seeking declaratory judgment and damages for alleged nonrepairs of the apartment and for building code violations. An agreement was then entered into by the parties under which plaintiff was to make certain repairs, defendant was to tender rent for June and July at the previous rate, and both actions were to be dismissed. Plaintiff dismissed his action, but defendant's suit remains pending, as he continued to dispute the rent increase on the basis that the terms of a "regulatory agreement" with the United States Department of Housing and Urban Development (HUD) prohibited plaintiff from increasing without HUD approval.

Thereafter, on August 4, plaintiff served notice that the tenancy would terminate within 60 days, and he refused to accept the rent tendered by defendant for the months of August, September and October. On October 6, plaintiff filed another forcible entry and detainer action for possession of the premises. Although a summons had been issued, the sheriff's return thereon reveals that he was unable to personally serve defendant. However, because the court's half-sheet record disclosed that his appearance had been filed, a default was entered and, in an ex parte proceeding on October 21, 1976, gave judgment to plaintiff and, at the same time, stayed the writ of restitution for 15 days.

On November 12, defendant, an attorney appearing pro se, filed a general appearance, a verified motion to vacate the default judgment, and a motion to stay execution pending a hearing on the vacature motion. On the same day, a hearing was held and the motion to stay execution was denied. Defendant thereupon requested an immediate hearing on the motion to vacate, in which he asserted that the default judgment was void for want of personal jurisdiction; that another action was already pending between the parties for the same cause; and that he was entitled to possession as a holdover tenant. The docket sheet indicates that after the trial judge "heard much argument from both sides," the motion to vacate was denied.

This appeal followed, and after the docketing of the record here, plaintiff moved to dismiss the appeal because of defendant's failure to include a report of proceedings and to file an abstract or excerpts. This motion was taken with the appeal.

OPINION

■■ We first direct our attention to the motion to dismiss, and we will confine our discussion in this regard to the failure to file a report of

proceedings, as we will grant the request of defendant to excuse the filing of an abstract or excerpts because of the minimal number of pages in the record itself and because extensive record page references are included in defendant's brief.

Supreme Court Rule 323 (Ill. Rev. Stat. 1975, ch. 110A, par. 323) requires the appellant to provide this court with a report of proceedings or an acceptable substitute thereof. (*Lill Coal Co. v. Bellario* (1975), 30 Ill. App. 3d 384, 332 N.E.2d 485; *La Pierre v. Oak Park Federal Savings & Loan Association* (1974), 21 Ill. App. 3d 541, 315 N.E.2d 908.) In *Lill Coal Co.*, the court stated:

> "It is a basic principle of appellate practice that a party who brings a cause to a reviewing court must present in the record the proceedings to show the error complained of." 30 Ill. App. 3d 384, 385, 332 N.E.2d 485, 486.

■■■ Even where no verbatim transcript is available, it is incumbent upon appellant to prepare a report of proceedings referred to as a "bystander's report" which must be prepared in accordance with Supreme Court Rule 323(c). (Ill. Rev. Stat. 1975, ch. 110A, par. 323(c); see also *Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 342 N.E.2d 748.) The orderly administration of the affairs of this court necessitates that its rules and precedents be followed (*Lill Coal Company; Biggs v. Spader* (1951), 411 Ill. 42, 103 N.E.2d 104, *cert. denied* (1952), 343 U.S. 956, 96 L. Ed. 610, 72 S. Ct. 180), and because defendant has failed to comply with these basic rules of appellate procedure, this appeal is not properly before us.

Having so determined, we are under no obligation to discuss the merits of this case, but because a bystander's report of proceedings was filed by appellee, we will alternatively consider this appeal on its merits. See *Kwak v. St. Anthony De Padua Hospital* (1977), 54 Ill. App. 3d 719, 369 N.E.2d 1346.

■■ ■ Initially, defendant contends that the trial court lacked personal jurisdiction over him at the time the default judgment was entered. In order for defendant to attack the *in personam* jurisdiction of the court, he must file a special and limited appearance, along with an appropriate motion to quash either the summons or the sheriff's certificate of service. (*Hawes v. Hawes* (1970), 130 Ill. App. 2d 546, 263 N.E.2d 625; *Drexel Savings & Loan Association v. McCall* (1969), 107 Ill. App. 2d 30, 205 N.E.2d 900.) To appear for any other purpose other than to object to personal jurisdiction, before making a special appearance, waives the jurisdictional objection and submits defendant to the personal jurisdiction of the court. *Lord v. Hubert* (1957), 12 Ill. 2d 83, 145 N.E.2d 77.

In the instant case, the bystander's report discloses that a general

appearance was filed by defendant on October 14, 1976, one week prior to the entry of the default. Although defendant states there was no appearance at that time, we note that the date of the appearance was handwritten into the typewritten bystander's report by the trial judge, who placed his signature next to the date to verify that he had written it. Furthermore, this date is substantiated by the half-sheet record which indicates that an appearance was filed on October 14, 1976. By the filing of this general appearance, defendant waived any lack of personal jurisdiction.

■■ ■ Even were we to accept defendant's contention that no appearance was filed on October 14, 1976, there is no question that he did not file a special appearance at any time and that he did file a general appearance along with his motions for stay of execution and to vacate the default judgment and, by so doing, he waived any objection to personal jurisdiction. Moreover, defendant submitted himself to jurisdiction by filing and arguing the motion to stay and by asserting grounds in his motion to vacate ranging far beyond an attack on the court's *in personam* jurisdiction. See *Mitchell v. Comstock* (1940), 305 Ill. App. 360, 373, 27 N.E.2d 620, 626-27.

■■ Next, defendant contends the denial of a stay deprived him of a fair hearing. He argues that the ruling forced him to ask for an immediate hearing on his motion to vacate because, if he had not done so, execution could have issued, and he would have lost possession of the premises; whereas, the grant of a stay would have given him time to obtain and present the HUD regulatory agreement which he needed to support his motion to vacate. We reject this contention because:

1. It appears to us that defendant created the problem for himself. When the motion to stay was denied on November 12, defendant requested an immediate hearing on the motion to vacate, which was not scheduled to be heard until November 19. The agreement could easily have been obtained and presented before the latter date.

2. The record does not support the position of defendant, that necessity required an immediate hearing. To the contrary, an opposite conclusion is indicated, as the initial stay granted by the court was until November 5 and, although no stay was in effect, no action to execute was taken between that date and the hearing on November 12. Even were we to accept defendant's unsupported statement, that he had been informed the sheriff would execute "on or after November 16," there would have been sufficient time to obtain the document before that date.

Moreover, and perhaps more importantly, defendant admitted on oral argument that he had a hearing and that the only reason he needed a stay was to produce the HUD agreement, which apparently was not offered

subsequently to the trial court, as it could have been by an appropriate action. The agreement not being in the record presented to us we cannot determine whether any prejudice resulted from denial of the stay.

Defendant next contends that the instant action should have been dismissed, because there was a prior suit pending for the same cause. He posits that the issue in the instant case was the same as that in the declaratory judgment count of the pending action he filed against plaintiff. He argues that under section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48(1)(c)), the default judgment should have been vacated.

■■ Section 48(1) provides that defendant may file a motion for dismissal of an action for any of a number of grounds, of which one in subsection (c) is "[t]hat there is another action pending between the same parties for the same cause." We note, however, that no motion to dismiss was made, orally or in writing, under section 48(1) in the trial court, and that it is a well recognized rule that a matter raised for the first time on appeal will not be considered. (*Bridges v. Neighbors* (1975), 32 Ill. App. 3d 704, 336 N.E.2d 233; 2 Ill. L. & Prac. *Appeal and Error* §181 (1953).) In any event, we agree with the finding of the trial court, that the identical issues were not involved in both actions. A review of the complaint in defendant's prior suit reveals that defendant sought a declaration that he was a holdover tenant for a one-year term. The question of possession was not an issue there. It was, however, in plaintiff's original forcible entry and detainer action; but, when plaintiff dismissed that action, defendant's possession was established and the issue remaining in his pending action was whether he was a holdover for one year under the old lease. In the instant case, the right to possession was the only issue.

This brings us to the additional contention made by defendant that the default judgment should have been vacated because he was a holdover tenant on a yearly basis.

■ Where a tenant holds over after the expiration of a lease for a year or years, a landlord may elect to accept and treat him as a tenant from year to year. (*Rhodes v. Sigler* (1975), 27 Ill. App. 3d 1, 325 N.E.2d 381.) The question as to whether a landlord has so elected is determined by the landlord's intent, as shown by the facts and circumstances. (*Sheraton-Chicago Corp. v. Lewis* (1972), 8 Ill. App. 3d 309, 290 N.E.2d 685.) Here, defendant contends that plaintiff did elect to treat him as a holdover tenant. We disagree. The record discloses that plaintiff sent a new lease to defendant containing an increased rental before the expiration of the original lease on May 31, 1976. When defendant neither signed the new lease nor paid the June rent, plaintiff instituted a forcible entry and detainer action in late June. This action, we believe, is clear indication of an election by plaintiff not to treat defendant as a holdover

tenant. Nevertheless, defendant argues that even if such an election was indicated by the filing of the action, plaintiff subsequently changed this intent by entering into the settlement agreement by which his action for possession was dropped which, defendant asserts, continued his occupancy on a yearly basis. We see no merit in this argument as, from our examination of the agreement, there appears to be no justification for a finding that its content evidenced an intent on the part of the plaintiff to continue defendant as a holdover tenant on a year to year basis.

Finally, defendant contends the refusal to grant his motion to vacate was a denial of substantial justice between the parties. The substantial justice rule was set forth in *People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 406, 270 N.E.2d 841, 843, as follows:

> "Under this section [50(5)], it is no longer necessary that such relief [from a default judgment] be sought on the precise grounds that there is a meritorious defense and a reasonable excuse for not having timely asserted such defense. The overriding consideration now is whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits."

Initially, we note that defendant brought his motion to vacate under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 68.3), which applies to motions after judgment in cases tried without a jury; whereas, it is section 50(5) (Ill. Rev. Stat. 1975, ch. 110, par. 50(5)) which provides for a motion to set aside a default judgment. However, the relief sought would have been the same under either section; that is, to vacate the default judgment, and we will consider the section identification as mere surplusage, since the character of the pleading is to be determined more from its content than by its label. See *Eden v. Eden* (1975), 34 Ill. App. 3d 382, 340 N.E.2d 141; *Allstate Insurance Co. v. Horn* (1974), 24 Ill. App. 3d 583, 591 n. 2, 321 N.E.2d 285, 291 n. 2.

Here, the court's order states that the motion to vacate was denied after arguments from both parties were heard. We note also that the bystander's report reveals that the merits of the matters contained in the motion to vacate were extensively argued and, from the record, it appears that the only additional evidence defendant could have presented was the HUD agreement which, because it was not presented to the trial court and is not included in the record here, we cannot say would be helpful to defendant. Thus, we believe that he was not denied substantial justice.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.