THOMAS R. NELSON, Special Adm'r of the Estate of Janet Nelson, Deceased, Plaintiff, *v.* MICHAEL BIEGEL *et al.*, Defendants—(Claire Perez, Counterplaintiff and Petitioner-Appellant, *v.* Michael Biegel *et al.*, Counterdefendants and Respondents-Appellees).

Third District   No. 82—858

Opinion filed September 23, 1983.—Rehearing denied November 2, 1983.

William J. Harte, Ltd., and Katrina Veerhusen, of Kevin M. Forde, Ltd., both of Chicago, and Kent E. Ayers, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for appellant.

John J. McGarry, of Stefanich, McGarry & Wols, Ltd., of Joliet, for appellee Michael Biegel.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Claire Perez was severely injured as a result of a collision between the car she was driving and a truck driven by Michael Biegel which occurred on September 18, 1979. Janet Nelson, a passenger in Perez' car, died as a result of the injuries she sustained in the accident. In December 1979, the Nelson estate filed a wrongful death action naming Perez and Biegel as codefendants. Perez was served with a summons, which she forwarded to her insurer, Allstate Insurance Company. Subsequently, plaintiff's counsel and the respective insurers for Perez and Biegel negotiated a settlement of the plaintiff's claims. On March 14, 1980, an order was entered by the circuit court of Will County granting the plaintiff leave to settle the case and dismissing the case with prejudice. Perez was never notified of the settlement by Allstate nor by counsel for Allstate.

Unaware of the settlement, Perez, by her personal attorney, filed a counterclaim against her codefendant, Biegel, on September 18, 1981, the last day before the statute of limitations expired. Thereafter, the order of March 14, 1980, was discovered. Because the original action had been dismissed, Perez moved for leave to amend the counterclaim by changing the caption to read "Complaint" and renaming the counterplaintiff and counterdefendant as plaintiff and defendant. The motion also requested that the case be assigned a new docket number and that a summons be issued against Biegel. The trial court denied the motion. Perez then filed a section 72 petition, asking the court to vacate the order approving the settlement. This motion was also denied.

The issues on appeal are (1) whether the trial court abused its discretion in denying Perez leave to amend her counterclaim and redesignate it as a complaint; and (2) if there was no abuse of discretion, should the section 72 petition have been granted. We believe the trial court should have granted Perez leave to amend the counterclaim and we reverse.

■■ ■ Section 2—603(c) of the Code of Civil Procedure provides that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." (Ill. Rev. Stat. 1981, ch. 110, par. 2—603(c).) The counterclaim filed by Perez alleged that while Perez was exercising due care driving east on St. Francis Road in Will County, Illinois, Biegel, driving a pickup truck, negligently crossed over from the westbound lane of traffic and struck her automobile, causing Perez to suffer personal injuries and property damage. It is undisputed that had the counterclaim been filed as a complaint under a separate docket number, it would have been a proper complaint, timely filed. The fact that the original suit was settled, precluding the filing of a counterclaim, does not make the allegations of the pleading any less sufficient. To bar this pleading simply because it was mistitled would exalt form over substance.

Illinois courts have not hesitated to characterize a pleading by its content rather than by its title. In *Farley v. Blackwood* (1978), 56 Ill. App. 3d 1040, 372 N.E.2d 921, the defendant improperly filed a motion to reconsider under section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 68.3). The appellate court noted that the motion satisfied all of the requirements of a motion to set aside a default judgment under section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 50(5)) and, for purposes of the appeal, treated it as a motion to set aside a default judgment.

A similar situation exists in the instant case. The nature of the counterclaim was to bring an action against Biegel. The fact that it was improperly titled a counterclaim rather than a complaint does not change its nature. Had the motion been properly titled, Perez would have been able to bring the action. We do not see how not allowing Perez to bring the action simply because of a wrongly captioned pleading would provide substantial justice between the parties. Therefore, we believe Perez should have been allowed to amend her complaint, and the trial court erred in not allowing her to do so.

For the aforementioned reasons, the order of the circuit court of Will County is reversed and remanded with directions to proceed in accord with the views expressed herein.

Reversed and remanded with directions.

ALLOY and HEIPLE, JJ., concur.