2021 IL App (1st) 201113-U

No. 1-20-1113

Order filed December 21, 2021.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | |
|---|---|
| TOWNHOMES ON WABASH HOMEOWNERS ASSOCIATION, INC., ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, ) | |
| v. ) | No. 2018 M1 711486 |
| ZAKRYSCHA HAYES-RAMOS, ) | The Honorable |
| Defendant-Appellant, ) | Catherine A. Schneider, Judge Presiding. |
| (Unknown Occupants, Defendants). ) | |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    Plaintiff, Townhomes on Wabash Homeowners Association, Inc., filed a forcible entry and detainer action against defendant, Zakryscha Hayes, for unpaid assessments on her townhome. Over a year later, defendant satisfied her unpaid assessments, but was still held liable for attorney fees incurred by plaintiff in collecting the money.

¶ 2    Defendant, a non-attorney proceeding *pro se*, now appeals from the circuit court's orders awarding plaintiff attorney fees in connection with the litigation.[1] We affirm.

¶ 3                              NATURE OF THE CASE

¶ 4    In July 2018, plaintiff, a townhome development association, filed the instant forcible entry and detainer action against defendant, a unit owner, for unpaid assessments on her townhome, located at 26 East 14th Place in Chicago's South Loop neighborhood. Plaintiff sought possession of defendant's unit and a money judgment for common and accrued expenses, along with late fees, interest and attorney fees.

¶ 5    We note there was a separate lawsuit pending between the parties in the Law Division of the Cook County Circuit Court (No. 2017 L 12877) that was initiated prior to this action by defendant, however, and involved a dispute over masonry repairs made to her townhome. While plaintiff alleged a claim for chargebacks related to the masonry repairs against defendant in this action, the claim was voluntarily dismissed without prejudice, as will be discussed in more detail below.

¶ 6    The circuit court initially entered a default order for possession and a money judgment in the amount of $6,630.06 against defendant. The order and judgment were later vacated, however, and defendant was granted leave to file her *pro se* appearance. The parties proceeded with discovery, and the case was eventually set for trial. Defendant meanwhile paid plaintiff for her outstanding assessments, interest and late fees.[2]

¶ 7    In an order entered on September 25, 2019, the circuit court struck the parties' trial date, indicating that plaintiff had accepted defendant's payment, and reserved the issue of attorney

---

[1]Defendant was represented briefly by counsel during the proceedings below; however, she was representing herself *pro se* when the final judgment in this case was entered.
[2]We note that plaintiff accepted payment of a lesser amount than what it had originally sought from defendant in the complaint.

fees.[3] Although the court continued plaintiff's claim for chargebacks, it granted plaintiff's request made shortly thereafter to dismiss the claim without prejudice; since plaintiff's claim was the only remaining triable issue after defendant satisfied her unpaid assessments and other lawful charges, it was in the interest of judicial economy to resolve that claim in the Law Division suit.

¶ 8    Plaintiff filed a verified petition seeking a total of $43,096.85 in attorney fees and court costs. The fee petition was supported by an affidavit from plaintiff's counsel, as well as relevant invoices. Defendant then filed, through counsel, a scant response to the fee petition in which she conceded that plaintiff was entitled to attorney fees but contested, without developing any legal argument, the fees associated with plaintiff's voluntarily dismissed claim for chargebacks. Plaintiff replied that defendant had not shown the fees were unreasonable and also sought additional attorney fees that had accrued.

¶ 9    Following a hearing on February 14, 2020, the circuit court granted the fee petition, awarding plaintiff a total of $46,676.85 in attorney fees, including additional accrued fees, and legal costs. The court subsequently denied defendant's motion to reconsider the judgment, along with various other postjudgment motions that were filed by defendant *pro se* after her attorney withdrew from the case.

¶ 10    After a hearing on September 15, 2020, the circuit court granted plaintiff's supplemental petition for fees in connection with the postjudgment litigation, awarding plaintiff an additional $1,525 in attorney fees. This appeal followed.

¶ 11                                    ANALYSIS

¶ 12    Initially, defendant has not included a transcript or report of proceedings from the lower court's hearing held on September 15, 2020, or an appropriate alternative under Illinois Supreme

---

[3]We note that the circuit court previously entered an order on September 19, 2019, stating the attorney fees would be determined by the court, not a jury.

Court Rule 323(c) (eff. July 1, 2017), such as a bystander's report or an agreed statement of facts. As the appellant, defendant bears the burden of presenting a sufficiently complete record of the proceedings below to support her claims of error, and any doubts arising from the record's inadequacy are resolved against her. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Without a complete record, we must presume that the circuit court acted in conformity with the law and had a sufficient factual basis for its ruling. *Id*. at 392.

¶ 13    Additionally, plaintiff correctly observes that defendant's brief violates Illinois Supreme Court Rule 341(h)(2), (3), (4), (6), (7) (eff. Oct. 1, 2020), insofar it does not contain an introductory paragraph, the applicable standards of review for the issues presented for our review, a statement of jurisdiction, and perhaps most notably, proper citation to the record or authorities relied upon.[4]

¶ 14    Adherence to the proper format of briefs is not an inconsequential matter, and where a party makes arguments absent appropriate citation, we decline to address them. See *Enadeghe v. Dahms*, 2017 IL App (1st) 162170, ¶ 23; see also *Miller v. Lawrence*, 2016 IL App (1st) 142051, ¶ 18 (where a party's briefs lack compliance with the high court's rules, she risks this court's discretionary power to strike her briefs and dismiss the appeal).While we acknowledge that an appellant appealing *pro se* is not a licensed attorney educated in the practice of law, she must, nonetheless, comply with the established rules of procedure. *Lill Coal Co. v. Bellario*, 30 Ill. App. 3d 384, 385 (1975). Despite the deficiencies in defendant's brief, we will consider the merits of her appeal.

¶ 15    The Condominium Property Act (765 ILCS 605/1 *et seq*. (West 2018)) and the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq*. (West 2018)) govern the procedures by which

---

[4]We note, however, that defendant's brief includes an appendix with a table of contents, contrary to plaintiff's claim otherwise alleged on page 14 of its brief.

a condominium association may recover unpaid assessments from a defaulting unit owner, as well as attorney fees incurred by the association in collecting the money.[5] Section 9.2(b) of the Condominium Property Act expressly states that "[a]ny attorneys' fees incurred by [an] Association arising out of a default by any unit owner *** shall be added to, and deemed a part of, [her] respective share of the common expense." 765 ILCS 605/9.2(b) (West 2018).

¶ 16    Likewise, section 9-111 of the Forcible Entry and Detainer Act states, as relevant here, that "[w]hen [an] action is based upon the failure of an owner of a unit therein to pay when due *** her proportionate share of the common expenses of the property," which the circuit court finds are due to the plaintiff, then "judgment in favor of the plaintiff shall be entered for the possession thereof and for the amount found due by the court including interest and late charges, if any, together with reasonable attorney's fees." 735 ILCS 5/9-111(a) (West 2018). The circuit court, in determining reasonable attorney fees, must consider the time expended by the attorney, the reasonableness of both the attorney's hourly rate and the amount of time expended for the work performed, and finally, the amount in controversy and nature of the action. 735 ILCS 5/9-111(b) (West 2018).

¶ 17    We begin by addressing defendant's claim that the circuit court erred by awarding plaintiff attorney fees when plaintiff never proved that it was entitled to possession of her unit. Defendant has offered no reasonable argument in support of this claim, which was nevertheless effectively adjudicated by the circuit court's September 25, 2019 order stating that: "[p]laintiff accepted [d]efendant's tender of $2,041.01 for outstanding assessments, interest and late fees."

---

[5]Plaintiff brought the forcible entry and detainer action against defendant pursuant to the Condominium Property Act; thus, we reject plaintiff's claim on appeal that it is not subject to the act because it is a townhome development, rather than a condominium association.

Defendant's satisfaction of her delinquent assessments and other lawful charges demonstrates that plaintiff was entitled to possession of her unit prior to receiving such payment.

¶ 18     While defendant now claims the circuit court's September 25, 2019 order violated her right to have the issue decided by a jury, she already conceded that plaintiff was entitled to attorney fees due from her default. Her response to plaintiff's fee petition expressly stated:

> "Defendant acknowledges that [plaintiff] was entitled to attorneys' fees for bringing this action and for [d]efendant vacating the judgment until such time as the [d]efendant became current with her assessments, as she acknowledges that she does owe that money due to a misunderstanding with the REO seller of her property as to what assessments it had already paid."

We will not entertain defendant's attempt to relitigate this issue under the guise of statutory procedure.

¶ 19     Defendant also asserts, without citation to caselaw and without developing any legal argument, that the circuit court abused its discretion by awarding plaintiff attorney fees incurred in prosecuting its claim for chargebacks that was voluntarily dismissed. As shown above, those fees were recoverable under section 9-111 of the Forcible Entry and Detainer Act, since they were incurred by plaintiff in the litigation precipitated by defendant's failure to pay her assessments. Defendant has not cited any authority demonstrating that the statute excludes attorney fees attributable to an ancillary claim alleged in an action arising out of the unit owner's default, nor has she argued that such fees in this case were unreasonable. But see *North Spaulding Condominium Ass'n v. Cavanaugh*, 2017 IL App (1st) 160870, ¶ 42 (noting that recoverable fees under section 9-111 of the Forcible Entry and Detainer Act "are not expressly

limited to those incurred prosecuting the forcible action, but includes fees incurred by an association based on a unit owner's failure to pay").

¶ 20    Accordingly, we cannot say that the circuit court's award of recoverable attorney fees to plaintiff was an abuse of discretion. See *id*. ¶ 43 (whether the fees were reasonable is a matter within the circuit court's discretion, and the court's determination will not be disturbed on appeal absent an abuse of discretion).

¶ 21    As defendant's remaining claims of error simply set forth conclusory allegations, without developing any meaningful arguments in support and without directing our attention to relevant caselaw or portions of the record, we decline to address them. See *Housing Authority of Champaign County v. Lyles*, 395 Ill. App. 3d 1036, 1040 (2009) (noting that the failure to properly develop an argument does "not merit consideration on appeal and may be rejected for that reason alone"); *North Spaulding Condominium Ass'n*, 2017 IL App (1st) 160870, ¶ 33 (same); see also Ill. S. Ct. R. 341(h)(7) (stating that "[p]oints not argued are forfeited").

¶ 22    Finally, plaintiff asks this court to award it attorney fees incurred in defending against this appeal. Defendant does not address this claim in her reply brief. Regardless, the foregoing establishes that plaintiff is entitled to recover reasonable attorney fees in connection with this appeal since the litigation arose out of defendant's default (see *supra* ¶¶ 15-16). We therefore remand this case to the circuit court to determine and award plaintiff's reasonable attorney fees in defending against this appeal.

¶ 23                              CONCLUSION

¶ 24    For the reasons set forth above, we affirm the circuit court's judgment. In addition, we remand this case to the circuit court for a determination of plaintiff's reasonable attorney fees incurred in defending against this appeal.

¶ 25    Affirmed and remanded with instructions.