2026 IL App (1st) 250053-U

No. 1-25-0053

Order filed March 13, 2026

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| ESAUL DE LA TORRE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2021 L 012854 |
| | ) | |
| GUILLERMO RAMIREZ, | ) | The Honorable |
| | ) | Jerry A. Esrig, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE WILSON delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the trial court's judgment in favor of defendant on plaintiff's breach of contract complaint. Absent report of proceedings, we must assume the trial court's finding conformed to law and had sufficient factual basis.

¶ 2    This appeal arises from plaintiff Esaul De La Torre's breach of contract action against defendant Guillermo Ramirez, in which Torre alleged that he was entitled to a $59,000 credit toward the balance due under a 2010 installment contract for deed. Following a two-day bench trial, the circuit court entered judgment in favor of Ramirez on Torre's complaint, finding that Torre failed to meet his burden of proof on the claimed credit. Torre now appeals from the

judgment entered against him, asserting that the trial court's factual findings were erroneous and seeking reversal of the judgment, either through recognition of a $59,000 credit against the contract balance or an award of title to the property together with damages in that amount. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      At the outset, we observe that the record on appeal is sparse. It contains no report of proceedings and no acceptable substitute, such as a bystander's report or an agreed statement of facts, as required  by Illinois Supreme Court Rule 323 (eff. July 1, 2017). With only the limited common law record before us, we recite the following pertinent facts and procedural history.

¶ 5      On December 23, 2021, Torre filed his breach of contract complaint against Ramirez in the circuit court of Cook County. Torre's complaint arose from an installment contract for deed executed on July 17, 2010, for commercial property commonly identified as 7120, 7122, and 7124 South Halsted Street, Chicago, Illinois. Torre alleged that he was entitled to a $59,000 credit toward the contract balance based on a cashier's check in that amount, payable to Ramirez. He claimed that on August 5, 2010, he instructed his now-deceased brother, Jose Natividad De La Torre (Natividad), to obtain the check for that purpose and that Ramirez later refused to apply that credit when Torre sought a payoff statement.

¶ 6      The common law record establishes that the contract reflected a purchase price of $360,000, paid in monthly installments of $2,791.08 at 7% interest, and that the contract permitted prepayment without penalty. The record further reflects that payment of the balance due under the contract was a condition precedent to Ramirez's tender of the deed and Torre's acquisition of legal title.

2

¶ 7    On July 18, 2022, Ramirez filed a three-count counterclaim seeking declaratory and other relief. He sought a declaration that Torre was not entitled to the claimed $59,000 credit, asserting that although he received a cashier's check in that amount from Natividad on August 5, 2010—the same date Torre identified—the payment satisfied a separate transaction in which Natividad purchased four vehicles from Ramirez's business, Guillermo Auto Sales. Ramirez also alleged anticipatory breach, claiming Torre said he would stop making payments once the balance reached $59,000. He further sought specific performance, seeking payment of the full remaining contract balance based on his prior claims.

¶ 8    On September 21, 2022, the court referred the matter to mandatory arbitration. Following an arbitration hearing on January 26, 2023, Ramirez filed a rejection of the Law Division mandatory arbitration award on February 1, 2023. The court then set the matter for further proceedings. After entering a discovery schedule and resolving certain discovery matters, the court set a bench trial for December 11, 2023, which was later continued to December 18, 2023, to allow for a Spanish translator.

¶ 9    On December 11, 2023, Ramirez tendered an amended counterclaim seeking to add a fourth count alleging breach of the installment contract based on Torre's alleged sublease of the subject property. The common law record reflects that the court initially denied Ramirez leave to file this amended counterclaim on December 18, 2023, but granted leave the next day after Torre admitted that, on May 1, 2023, he entered into a sublease agreement with Fernando De Luna. A two-day trial proceeded on December 18 and 19, 2023. Following trial, on December 22, 2023, the court ordered post-trial briefing and continued the matter for further argument. Ramirez thereafter filed the amended counterclaim, pursuing only the breach of contract claim premised on the alleged sublease.

¶ 10     On May 8, 2024, after hearing closing argument, the court entered an order denying relief to Ramirez on his amended counterclaim. The court took the remaining issues on Torre's complaint under advisement. Ramirez thereafter filed a motion to reconsider the denial of relief on his amended counterclaim on May 31, 2024.

¶ 11     On December 10, 2024, the circuit court entered the judgment at issue in this appeal. The court denied Ramirez's motion to reconsider and entered a "[j]udgment of no cause for action" in favor of Ramirez on Torre's breach of contract complaint, finding that Torre failed to meet his burden of proof on his claim for the $59,000 credit. Torre timely filed his notice of appeal on January 9, 2025.

¶ 12     On March 18, 2025, Torre moved this court for leave to file the record on appeal instanter. That motion was granted, and the record on appeal was filed in this court on March 26, 2025. The record, on its face, contains no report of proceedings or an Illinois Supreme Court Rule 323 (eff. July 1, 2017) equivalent.

¶ 13     On September 16, 2025, Torre sought to supplement the record in this court. The motion was denied on September 23, 2025, finding that the proposed supplement was not in the filing queue and that no certified supplemental record had been prepared through the circuit court. See Ill. S. Ct. R. 329 (eff. July 1, 2017); see also Ill. App. Ct., First Dist., R. 11 (Aug. 31, 2023). This court reviews Torre's appeal on the limited record presented.

¶ 14                                    II. ANALYSIS

¶ 15     On appeal, Torre contends that the circuit court erred in entering judgment in favor of Ramirez on Torre's breach of contract complaint. Although Torre characterizes the judgment as "clearly erroneous," his position, in substance, is that the circuit court should have credited his version of events regarding the disputed $59,000 payment. In particular, Torre argues that the

judgment is difficult to reconcile with the court's denial of relief on Ramirez's amended counterclaim and motion to reconsider, and with what Torre describes as the court's acceptance that Natividad's $59,000 cashier's check was delivered to Ramirez.

¶ 16    Stated differently, Torre's claim of error turns on the circuit court's factual findings—namely, whether the evidence and testimony presented at the bench trial were credible and sufficient to establish Torre's entitlement to a $59,000 credit and, in turn, a breach of the installment contract. Whether a breach of contract occurred presents a question of fact, and the circuit court's finding on that issue will not be disturbed unless it is against the manifest weight of the evidence. *Timan v. Ourada*, 2012 IL App (2d) 100834, ¶ 24. The trial judge, when sitting as the trier of fact in a bench trial, makes findings of fact and weighs all of the evidence in reaching a conclusion. *Staes & Scallan, P.C. v. Orlich*, 2012 IL App (1st) 112974, ¶ 35. "When a party challenges a trial court's bench-trial ruling, we defer to the trial court's factual findings unless they are contrary to the manifest weight of the evidence." *Id*. at 484. Under this standard of review, we give great deference to the circuit court's credibility determinations and we will not substitute our judgment for that of the trial court "because the fact finder is in the best position to evaluate the conduct and demeanor of the witnesses." *Samour, Inc. v. Board of Election Commissioners*, 224 Ill.2d 530, 548 (2007). Further, "[a] finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *Best v. Best*, 223 Ill. 2d 342, 350 (2006). If the record contains any evidence to support the trial court's judgment, the judgment should be affirmed. *In re Est. of Wilson*, 238 Ill. 2d 519, 570 (2010).

¶ 17    Torre bore the burden of proving his entitlement to the claimed $59,000 credit. See *Muhammad v. Muhammad-Rahmah*, 363 Ill. App. 3d 407, 414 (2006) ("[t]he burden of proof in a

civil proceeding generally rests on the party seeking relief"). Accordingly, he was required to establish the factual basis for that credit. The circuit court's denial of relief on Ramirez's amended counterclaim and subsequent motion to reconsider did not shift that burden. Ramirez's counterclaim, which included a breach-of-contract count based on Torre's alleged sublease, was a separate matter for which Ramirez bore the burden of proof. See *Timan*, 2012 IL App (2d) 100834, ¶ 24. Ramirez's failure to prevail on his own claims did not relieve Torre of his burden to prove his own.

¶ 18    Torre's remaining arguments must also fail. As discussed in the background section, the circuit court was presented with two irreconcilable accounts of the $59,000 payment. Torre maintained that he directed Natividad to obtain and deliver a $59,000 cashier's check to Ramirez as a credit toward the contract price. Ramirez, by contrast, acknowledged receiving the check but maintained that it satisfied a separate transaction in which Natividad purchased four vehicles from his business. It is also important to note that the common law record establishes that Natividad, not Torre, was the remitter on the check. Faced with these competing narratives, the circuit court found that Torre failed to meet his burden of proving a breach of the installment contract.

¶ 19    Torre now seeks reversal of that factual determination, primarily contending that the circuit court acknowledged the undisputed delivery of the $59,000 cashier's check yet still ruled against him. This contention cannot be evaluated because Torre provided neither a transcript nor an acceptable substitute, such as a bystander's report or an agreed statement of facts. Without such a record, meaningful appellate review is impossible. Moreover, the mere fact that Ramirez received the $59,000 check is not dispositive in light of Ramirez's competing explanation for the payment's purpose. An appellant has the burden to support a claim of error by sufficiently providing this court with a complete record of the proceedings at trial. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984);

6

see Ill. S. Ct. R. 321 (eff. Oct. 1, 2021); R. 323 (eff. July 1, 2017). In the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. *Foutch*, 99 Ill. 2d at 392. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. *Id*.

¶ 20    In this case, the common-law record confirms that a bench trial occurred on December 18-19, 2023, with both parties present, but it contains neither a transcript nor an acceptable substitute consistent with Illinois Supreme Court Rule 323(a), (c), or (d) (eff. July 1, 2017). Without such a record, we have no knowledge of the evidence and arguments presented by the parties at trial or during the post-trial proceedings, and thus no basis to review the circuit court's evidentiary rulings, credibility determinations, or its finding that Torre failed to prove entitlement to the $59,000 credit. The circuit court, as trier of fact, was in the superior position to observe the witnesses, evaluate inconsistencies, and determine whether Torre met his burden of proof. Because the record is insufficient to permit meaningful review of Torre's factual claims, we must presume that the circuit court acted in conformity with the law and had a sufficient factual basis for its findings. See *Foutch*, 99 Ill. 2d at 391-92; see also *Lill Coal Co. v. Bellario*, 30 Ill. App. 3d 384, 385 (1975).

¶ 21    Torre also notes that a significant interval elapsed between the close of trial and the entry of judgment, but he cites no authority—and this court is aware of none—suggesting that delay, standing alone, constitutes reversible error, particularly where the appellate record is incomplete.

¶ 22                                III. CONCLUSION

¶ 23    For the foregoing reasons, we affirm the trial court's judgment.

¶ 24    Affirmed.